**STATE of Missouri ex rel. T. Patrick DEATON, Respondent,**

v.

**Honorable J. Miles SWEENEY, Appellant.**

**No. 14649.**

Missouri Court of Appeals, Southern District, Division One.

Sept. 9, 1986.

T. Patrick Deaton, Springfield, for respondent.

Thomas E. Mountjoy, Pros. Atty., Richard E. Monroe, Asst. Pros. Atty., Springfield, for appellant.

GREENE, Presiding Judge.

The Honorable J. Miles Sweeney, Associate Circuit Judge, Division III, 31st Judicial Circuit, appeals from an order issued by the Honorable Max E. Bacon, Circuit Judge of Division IV of the same circuit. The order was a writ prohibiting Sweeney from overruling a motion to withdraw as attorney filed by T. Patrick Deaton, the public defender of the circuit.

Deaton had been appointed by the court to represent Dale Alvis Routh, a litigant in a dissolution of marriage action, who had been charged with civil contempt for an alleged contumacious refusal to pay child support.

After an opinion by the Eastern District of the Court of Appeals was filed, holding that our circuit courts do not have the authority to appoint public defenders to represent persons charged with civil contempt in cases of this type, *see State ex rel. Shaw v. Provaznik,* 708 S.W.2d 337 (Mo. App.1986), Deaton moved to withdraw as Routh's counsel. Judge Sweeney indicated he was going to deny the motion. Deaton sought and obtained the writ of prohibition from Bacon.

Although Deaton may have been right in his contention that he was under no obligation to represent Routh, we do not reach that issue.

Sweeney's sole argument here is that Bacon did not have jurisdiction to issue the writ in question. He is correct. Sweeney had been assigned, pursuant to constitutional and statutory procedures, to hear and determine the contempt proceeding. Once assigned, he had all of the power and authority of a circuit judge, and was only subject to having his jurisdiction, or excess thereof, curbed by the appellate court, and not by a judge who stood on equal judicial footing with him in regard to the case at hand. *See State ex rel. Amato v. Clifford,* 689 S.W.2d 78, 81 (Mo.App.1985).

The writ of prohibition was improvidently issued and the cause is remanded with directions that the writ be quashed.

TITUS, J., concurs.

CROW, C.J., concurs, and files opinion.

CROW, Chief Judge, concurring.

I concur fully in the principal opinion, and add that what occurred below is another indication that occasionally there is confusion about the structure of the circuit courts as they now exist under the reorganization brought about by the amendments to Mo. Const. art. V adopted by election August 3, 1976, effective January 2, 1979, and by the implementing legislation, H.B. 1634, Laws 1978, pp. 696–976. Anyone interested in that subject may refer to *State ex rel. McNaul v. Bonacker,* 711 S.W.2d 566 (Mo.App.1986).