**STATE ex rel. Charles MERTENS, Relator,**

v.

**The Honorable Thomas J. BROWN III, Respondent.**

No. SC 87564.

Supreme Court of Missouri, En Banc.

Sept. 8, 2006.

Douglas W. Hennon, Brian K. Stumpe, Jefferson City, for Relator.

Jeremiah W. (Jay) Nixon, Atty. Gen., Andrew W. Hassell, Asst. Atty. Gen., Maureen M. Monaghan, Office of Prosecuting Atty., Jefferson City, for Respondent.

PER CURIAM.

### Introduction

Charles Mertens pleaded guilty to involuntary manslaughter and leaving the scene of an accident. The court sentenced Mertens to the custody of the department of corrections pursuant to section 559.115.[1] Within the first 120 days of Merten's sentence, the department of corrections reported that he had successfully completed the institutional program. Without holding a hearing, Respondent denied probation and ordered Mertens to complete his sentence. Section 559.115 requires Respondent to hold a hearing within the first 120 days of an offender's sentence before denying probation to an offender successfully completing the program. Respondent failed to do so. A peremptory writ of mandamus is ordered to issue directing

---

1. All statutory references are to RSMo Supp. 2005.

Respondent to release Mertens on probation as provided in section 559.115.

### Was Mertens Entitled to Probation?

■ Once judgment and sentencing occur in a criminal proceeding, the trial court has exhausted its jurisdiction. It can take no further action in that case except when otherwise expressly provided by statute or rule. *State ex rel. Simmons v. White,* 866 S.W.2d 443, 445 (Mo. banc 1993).

Section 559.115.3 expressly provides, in pertinent part:

3. The court may recommend placement of an offender in a department of corrections one hundred twenty-day program. Upon the recommendation of the court, the department of corrections shall determine the offender's eligibility for the program, the nature, intensity, and duration of any offender's participation in a program and the availability of space for an offender in any program. *When the court recommends and receives placement of an offender in a department of corrections one hundred twenty-day program, the offender shall be released on probation if the department of corrections determines that the offender has successfully completed the program except as follows.* Upon successful completion of a treatment program, the board of probation and parole shall advise the sentencing court of an offender's probationary release date thirty days prior to release. *The court shall release the offender unless such release constitutes an abuse of discretion. If the court determined that there is an abuse of discretion, the court may order the execution of the offender's sentence only after conducting a hearing on the matter within ninety to one hundred twenty days of the offender's sentence.* If the court does not respond when an offender successfully completes the pro-

gram, the offender shall be released on probation....

(Emphasis added.)

Under this section, after sentence is imposed and the board of probation and parole timely reports the offender has successfully completed the institutional program, probation is required absent an abuse of discretion by the board of probation and parole. If the trial court determines the board did abuse its discretion, *before ordering the execution of the offender's sentence,* the statute *also* requires the trial court to conduct a hearing within 90 to 120 days. In this case, the trial court failed to timely hold the hearing; therefore, under section 559.115, the time to order execution of the sentence expired, and the offender is required to be released on probation.

### What is the Proper Remedy?

■ Once 120 days passed and the trial court failed to hold a hearing, the trial court was required to place Mertens on probation. Ordinarily mandamus is the proper remedy to compel the discharge of ministerial functions, but not to control the exercise of discretionary powers. *Mansur v. Morris,* 355 Mo. 424, 196 S.W.2d 287, 294 (banc 1946). If, as a matter of law, the action of respondent is wrong, then he has abused any discretion which he may have had. *State ex rel. Knight Oil Co. v. Vardeman,* 409 S.W.2d 672, 675 (Mo.1966). *State ex rel. Keystone Laundry & Dry Cleaners, Inc. v. McDonnell,* 426 S.W.2d 11, 14 (Mo.1968). Respondent incorrectly failed to place Mertens on probation. He has discretion as to the terms of probation, but he is required to grant probation.

### Did the Conditional Writ of Habeas Corpus Cure the Defect?

■ Rather than seeking mandamus relief in the court of appeals, Mertens filed

for habeas corpus relief in the county in which he was incarcerated. That court issued a "conditional" writ of habeas corpus purporting to remand the case to the Respondent for purposes of holding the hearing required by section 559.115. The writ is problematic for at least two reasons: (1) section 559.115 requires the hearing to be held within 120 days of the offender's sentence and (2) a circuit court is not authorized to remand a case to another circuit court to correct an error.

In this case, Mertens began his sentence June 7, 2005. The trial court's authority to order the sentence executed expired 120 days thereafter—October 5. The habeas order did not issue until December 22—beyond the time the trial court was authorized to act. Section 559.115 not only requires a hearing, but also a hearing within 120 days of the offender's sentence.

Moreover, one circuit court has no supervisory authority over another circuit court to order the correction of errors. This Court and the court of appeals have supervisory authority. *Mo. Const. article V, section 4.* There is no similar grant of authority to the circuit courts over other circuit courts. *See State ex rel. Deaton v. Sweeney,* 716 S.W.2d 21, 22 (Mo.App.1986) (circuit judge not subject to correction by a judge who stood on equal judicial footing); *State ex rel. Johnston v. Luckenbill,* 975 S.W.2d 253, 255 (Mo.App.1998); *State ex rel. Drienik v. Clifford,* 944 S.W.2d 266, 268 (Mo.App.997) (an associate circuit division is not subject to the circuit court's jurisdiction for remedial writs.)

## Conclusion

Although Mertens requests relief by prohibition, under the facts of this case, a peremptory writ of mandamus shall issue directing Respondent to place Mertens on

2. The preliminary writ in prohibition hereto-

probation.[2] *State ex rel. Leigh v. Dierker,* 974 S.W.2d 505, 506 (Mo. banc 1998).

All concur.