STATE of Missouri, ex rel. Robert C. DORSEY, Relator,

v.

Hon. Michael P. WILSON, Respondent.

No. ED 91691.

Missouri Court of Appeals, Eastern District, Division Three.

Sept. 16, 2008.

Jonathan Scott Hoover, Hannibal, MO, for relator.

Robert E. Rapp, Hannibal, MO, for respondent.

ROBERT G. DOWD, JR., Presiding Judge.

Relator, Robert C. Dorsey, filed a writ of mandamus directing Respondent, the Honorable Michael Wilson, to order that Dorsey be released from the Missouri Department of Corrections and placed on probation. We issued a preliminary order in mandamus and directed Respondent to answer. Respondent has not filed an answer and is in default. We now make our preliminary order absolute and Respondent is directed to release Dorsey on probation as provided in Section 559.115, RSMo Cum.Supp.2007.

On October 17, 2007, Dorsey pleaded guilty to the class C felony of possession of a controlled substance, Section 195.202, RSMo 2000. The trial court sentenced Dorsey to five years' imprisonment in the department of corrections. The trial court further ordered Dorsey's sentence be served pursuant to the institutional drug and alcohol treatment provisions of Section 559.115, RSMo Cum.Supp.2007. Within the first one hundred and twenty days of Dorsey's sentence, the department of corrections reported that Dorsey successfully completed the institutional treatment program. On February 13, 2008, the trial court found the release of Dorsey would constitute an abuse of discretion and ordered his sentence of five years to be executed.

■ Mandamus is a discretionary writ that is appropriate where a court has exceeded its jurisdiction or authority and where there is no remedy through appeal. *State ex rel. Kauble v. Hartenbach,* 216 S.W.3d 158, 159 (Mo. banc 2007).

■ Section 559.115.3 allows the trial court to place an offender in the department of corrections for one hundred and twenty days. Section 559.115.3, RSMo Cum.Supp.2007, expressly provides, in pertinent part:

3. The court may recommend placement of an offender in a department of corrections one hundred twenty-day program.... *When the court recommends and receives placement of an offender in a department of corrections one hundred twenty-day program, the offender shall be released on probation if the department of corrections determines that the offender has successfully completed the program except as follows.* Upon successful completion of a treatment program, the board of probation and parole shall advise the sentencing court of an offender's probationary release date thirty days prior to release. *The court shall release the offender unless such release constitutes an abuse of discretion. If the court determined that there is an abuse of discretion, the court may order the execution of the offender's sentence only after conducting a hearing on the matter within ninety to one hundred twenty days of the offender's sentence.* If the court does not respond when an offender successfully completes the program, the offender shall be released on probation.

(Emphasis added.) Thus, under this section, after a sentence is imposed and the board of probation and parole reports the offender has successfully completed the institutional treatment program, probation is required absent an abuse of discretion by the board of probation and parole. *State ex rel. Mertens v. Brown,* 198 S.W.3d 616, 618 (Mo. banc 2006). If the trial court determines the release of the offender con-

stitutes an abuse of discretion, the trial court must conduct a hearing within ninety to one hundred and twenty days of the offender's sentence before ordering the execution of the sentence. *Id.*

Here, the trial court determined on February 13, 2008 the release of Dorsey constituted an abuse of discretion and ordered the execution of Dorsey's five-year sentence. The trial court did not hold a hearing as required by the statute. Because the trial court failed to hold a timely hearing within ninety to one hundred and twenty days of Dorsey's sentence, the time to order execution of the sentence expires. *State ex rel. Mertens,* 198 S.W.3d at 618. Thus, Dorsey is required to be released on probation.

We now make our preliminary order in mandamus absolute and Respondent is directed to release Dorsey on probation.

CLIFFORD H. AHRENS, J. and MARY K. HOFF, J., concur.