**STATE ex rel. Zane VALENTINE, Relator,**

v.

**The Honorable Mark ORR, Respondent.**

**No. SC 92434.**

Supreme Court of Missouri, En Banc.

June 12, 2012.

James C. Egan, Public Defender's Office, Springfield, for Valentine.

Anthony M. Brown, Jeffrey M. Merrell, Taney County Prosecutor's Office, for State.

GEORGE W. DRAPER III, Judge.

This appeal presents the question of whether Zane Valentine's (hereinafter, "Valentine") placement in the Sex Offender Assessment Unit (hereinafter, "the SOAU") constitutes participation in a 120–day program for purposes of section 559.115.3, RSMo Supp.2010.[1] This Court holds the SOAU is a 120–day program that provides a treatment component during the assessment process for offenders.

---

1. All statutory references are to RSMo Supp. 2010.

Therefore, the Honorable Mark Orr (hereinafter, "the circuit court") abused his discretion by entering an order denying Valentine's release on probation when the order was entered beyond the statutory time limits set forth in section 559.115.3. The preliminary writ of mandamus is made permanent.

## Factual and Procedural History

The facts are undisputed. On June 9, 2011, Valentine pleaded guilty to one count of child molestation in the first degree, section 566.067, and three counts of statutory sodomy in the second degree, section 566.064. The plea agreement provided Valentine would be placed in the SOAU in the Department of Corrections (hereinafter, "the DOC"). At the plea hearing, the circuit court explained to Valentine that it would retain jurisdiction over him for 120 days while he was assessed. The court further stated it would retain "complete discretion" to determine whether Valentine should be granted probation and that a favorable assessment did not guarantee probation. Valentine indicated he understood the terms of the plea agreement and the circuit court's retention of jurisdiction. The circuit court ordered the Board of Probation and Parole (hereinafter, "the Board") to conduct a pre-sentence investigation and sentencing assessment report.

On August 25, 2011, the circuit court sentenced Valentine to 15 years' imprisonment on the child molestation count and 5 years' imprisonment on each statutory sodomy count. The statutory sodomy sentences were ordered to run concurrently to one another and consecutively to the child molestation sentence, for a total of 20 years' imprisonment. Pursuant to the plea agreement and the Board's pre-sentence investigation and sentencing assessment, the circuit court retained jurisdiction over Valentine pursuant to section 559.115.

The court requested that Valentine be placed in the SOAU, and reiterated that Valentine's successful participation in the SOAU did not guarantee he would be placed on probation at the end of 120 days.

On December 13, 2011, the SOAU issued its assessment report, concluding Valentine seemed amenable to treatment within his community and recommending the circuit court grant him probation. On January 19, 2012, the circuit court held a hearing to determine whether it would be an abuse of discretion to release Valentine on probation. The State opposed Valentine's release. Defense counsel argued it was atypical for the SOAU to recommend probation and the recommendation that Valentine be granted probation should be considered carefully. After reviewing all of the evidence and arguments, the circuit court found it would be an abuse of discretion to release Valentine and ordered his sentences be executed.

Valentine filed a motion for reconsideration, arguing the court failed to hold a hearing within 90 or 120 days after he was sentenced and, therefore, the court lacked authority to hold the hearing on January 19th and could not deny him probation. After a hearing, the court issued an order stating:

> The Court believes it has lost jurisdiction in this case in that more than 120 days have passed since [Valentine's] delivery to the [DOC]. The Court has reviewed [Valentine's] Motion to Reconsider and finds that [Valentine] has not completed a "Program" as defined in [section] 559.115 and that the case cited by [Valentine] is inapplicable in this instance and the Motion to Reconsider would be denied.

Valentine filed a second motion for reconsideration, again arguing the court lacked authority to deny him probation and challenging the court's finding that the SOAU

was not a "program" for purposes of section 559.115. The circuit court overruled Valentine's second motion.

Valentine filed a petition for writ of mandamus in the court of appeals, that was denied. On April 25, 2012, this Court granted Valentine's petition for a preliminary writ of mandamus.

## Standard of Review

This Court has jurisdiction to issue original remedial writs. Mo. Const. art. V, sec. 4. This Court reviews a writ of mandamus for an abuse of discretion. *State ex rel. City of Jennings v. Riley*, 236 S.W.3d 630, 631 (Mo. banc 2007). A litigant seeking mandamus must "allege and prove that he [or she] has a clear, unequivocal, specific right to a thing claimed." *State ex rel. Young v. Wood*, 254 S.W.3d 871, 872 (Mo. banc 2008) (quoting *Furlong Cos., Inc. v. City of Kansas City*, 189 S.W.3d 157, 166 (Mo. banc 2006)). "Ordinarily, mandamus is the proper remedy to compel the discharge of ministerial functions, but not to control the exercise of discretionary powers." *State ex rel. Mertens v. Brown*, 198 S.W.3d 616, 618 (Mo. banc 2006). However, if the respondent's actions are wrong as a matter of law, then he or she has abused any discretion he or she may have had, and mandamus is appropriate. *Id.*

When a case is submitted on stipulated facts, the question this Court must resolve is whether the circuit court drew the proper legal conclusions from the facts stipulated. *Missouri Prosecuting Attorneys v. Barton County*, 311 S.W.3d 737, 740 (Mo. banc 2010). The circuit court's decision to deny probation was based upon its interpretation and application of section 559.115 to the stipulated facts; therefore, this Court's review is *de novo*. *Id.*

## Analysis

Valentine raises one point on appeal, arguing the circuit court misapplied section 559.115 when denying him probation after his successful participation in the SOAU. Valentine avers the court lacked the authority to deny him probation because section 559.115.3 applied in that the SOAU is a 120–day program that he successfully completed. As such, Valentine asserts the court could not deny him probation without holding a hearing within 90 to 120 days of his sentence. Because the circuit court failed to hold this hearing, Valentine believes he is entitled to be released on probation.

### (1) Section 559.115.3 Applies

The parties dispute which subsection of section 559.115 the circuit court applied when sentencing Valentine. Valentine argues subsection 3 applies because he was placed in the SOAU for 120 days and the DOC made a recommendation regarding his release on probation. The state, arguing on behalf of the circuit court, disagrees, asserting the plea proceedings and the DOC procedures and practices support a finding that subsection 2 applies.

The state argues subsection 2 applies because the court told Valentine at sentencing that it retained "complete discretion" to determine whether Valentine should be granted probation and that a favorable assessment did not guarantee probation. Section 559.115.2 provides in pertinent part: "[A] circuit court only upon its own motion ... shall have the power to grant probation to an offender anytime up to one hundred twenty days after such offender has been delivered to the [DOC] but not thereafter." Moreover, the circuit court "may request information and a recommendation from the department concerning the offender and such

offender's behavior during the period of incarceration."

■ By contrast, section 559.115.3 provides in pertinent part:

*The court may recommend placement of an offender in a department of corrections one hundred twenty-day program.* Upon the recommendation of the court, the department of corrections shall determine the offender's eligibility for the program, the nature, intensity, and duration of any offender's participation in a program and the availability of space for an offender in any program. *When the court recommends and receives placement of an offender in a department of corrections one hundred twenty-day program, the offender shall be released on probation if the department of corrections determines that the offender has successfully completed the program* except as follows. Upon successful completion of a treatment program, the board of probation and parole shall advise the sentencing court of an offender's probationary release date thirty days prior to release. *The court shall release the offender unless such release constitutes an abuse of discretion. If the court determined that there is an abuse of discretion, the court may order the execution of the offender's sentence only after conducting a hearing on the matter within ninety to one hundred twenty days of the offender's sentence.* If the court does not respond when an offender successfully completes the program, the offender shall be released on probation. (Emphasis added).

Pursuant to this subsection, after a sentence has been imposed and the Board timely reports an offender successfully completed an institutional program, the offender must be placed on probation in the absence of an abuse of discretion by the Board. *Mertens,* 198 S.W.3d at 618. If the circuit court determines the Board's decision constitutes an abuse of discretion, it is required to hold a hearing within 90 to 120 days before ordering the execution of the offender's sentence. *Id.*

Section 559.115.2 differs significantly from section 559.115.3 in that it does not require the circuit court to hold a hearing before denying probation, nor does it require the DOC to provide a recommendation regarding the offender unless requested by the circuit court. Further, subsection 2 does not contain the word "program."

It is evident after examining the plain language of both subsections and applying them to the facts presented that the circuit court here sentenced Valentine under subsection 3 rather than subsection 2. The docket sheets reflect Valentine was placed in the "Sex Offender Program" with a start date of August 25, 2011, and an end date of December 23, 2011. The DOC issued a recommendation regarding Valentine's eligibility for probation without prompting by the court. The court believed it had to hold a hearing to determine whether it would constitute an abuse of discretion to release Valentine on probation. The judgment, the DOC's recommendation, and the court's actions all comport with the procedures set forth in section 559.115.3.

Additionally, the circuit court's use of the word "discretion" at the hearing further supports the conclusion that section 559.115.3 applies because it grants the circuit court the authority to deny probation even in light of a favorable recommendation by the DOC when it finds there has been an abuse of discretion. Moreover, the state's argument that the DOC's recommendation was not in the standard format is unpersuasive. The fact that the DOC made a recommendation without prompting from the court at the end of 120

days tracks the language of section 559.115.3, and the format or semantics contained therein are irrelevant.

*(2) SOAU is a "Program" for Purposes of Section 559.115*

This Court now must determine if the SOAU is a 120–day program contemplated under the terms of section 559.115.3. The primary rule of statutory interpretation is to effectuate legislative intent through reference to the plain and ordinary meaning of the statutory language. *State v. Graham,* 204 S.W.3d 655, 656 (Mo. banc 2006). "When the words are clear, there is nothing to construe beyond applying the plain meaning of the law." *State v. Rowe,* 63 S.W.3d 647, 649 (Mo. banc 2002). A court "will look beyond the plain meaning of the statute only when the language is ambiguous or would lead to an absurd or illogical result." *Akins v. Dir. of Revenue,* 303 S.W.3d 563, 565 (Mo. banc 2010).

There is no dispute the SOAU is operated by the DOC and lasts 120 days, but no case has addressed directly whether it is a "program." Valentine cites two cases that discuss the SOAU, and both assume it is a 120–day program under section 559.115.3. In *State v. Bryan,* 335 S.W.3d 1 (Mo.App. S.D.2011), the court described the SOAU as "the 120–day sexual offender treatment program" pursuant to section 559.115.3. *Id.* at 2. Similarly, in *Wilhite v. State,* 339 S.W.3d 573 (Mo.App. W.D.2011), the offender was sentenced under section 559.115 to placement in the SOAU, and the trial court had to determine whether it would be an abuse of discretion to release the offender on probation. *Id.* at 575. While the language of *Bryan* and *Wilhite* support a finding that the SOAU is a 120–day program under 559.115, they are not dispositive as this specific question was not raised in those cases.

Both parties provided this Court with exhibits outlining the DOC's policies and procedures concerning the SOAU's implementation. The parties agree one of the primary purposes of the SOAU is to assist the circuit court in determining whether the offender should be released back into the community based upon the offender's risk of re-offending and amenability to treatment. The question upon which the parties diverge is whether the SOAU is a "program" and whether it must provide some form of treatment to be considered a "program" for purposes of section 559.115.3.

Valentine argues the statute does not require that an offender be placed in a treatment program, only that the offender participates in a program at the DOC that lasts 120 days. Valentine presented a DOC document wherein the SOAU is described as "a 120–day residential *program* that . . . is designed to assess community risk and sex offender treatment needs." (Emphasis added). Valentine does not believe treatment is a necessary prerequisite under section 559.115.3 to constitute a "program." However, he argues alternatively that the SOAU's assessment is a part of the treatment process. To support this argument, Valentine offered a DOC document that described the SOAU as offering "basic relapse prevention education" in conjunction with its assessment.

The state claims the SOAU merely assesses an offender and does not provide treatment, in contrast to other statutory programs established by the DOC.[2] The state also offered a DOC document specifi-

---

**2.** *See, e.g.,* section 217.362 (long-term program for drug treatment); section 217.364 (offenders under treatment program); section 217.378 (regimented discipline program); section 217.785 (post-conviction drug treatment program); and section 589.040 (Missouri sex offender program or MoSOP).

cally stating the SOAU "provides an intensive assessment in order to determine the nature and extent of psychopathology, risk for reoffending and psychological treatment needs of sex offenders. *The unit does not provide treatment*." (Emphasis added).

The DOC's own conflicting descriptions of the SOAU's purpose does nothing to resolve the issue of whether the SOAU is a program and whether it provides treatment during the course of the offender's assessment. However, when examining the plain language of section 559.115.3, there is no requirement that a "program" be a treatment program. Rather, section 559.115.3 merely states, "The court may recommend placement of an offender in a[DOC] one hundred twenty-day program." It is the length of the program, rather than its purpose, that is stated explicitly. This is bolstered by a further reading of this subsection that specifically provides that shock incarceration is a "program" although it may not involve treatment. Moreover, as stated earlier, the judgment, the DOC's recommendation, and the court's action in holding a hearing and examining the issue for an abuse of discretion all demonstrate Valentine's placement in the SOAU was treated as a "program." Finally, even assuming *arguendo* the "program" must provide some form of treatment, a DOC document described the SOAU as offering "basic relapse prevention education" in conjunction with its assessment. Therefore, the SOAU is a "program" for purposes of section 559.115.3 and provides a treatment component through the assessment process.

*(3) Hearing was Untimely*

 "Once judgment and sentencing occur in a criminal proceeding, the trial court has exhausted its jurisdiction. It can take no further action in that case except when otherwise expressly provided by statute or rule." *Mertens*, 198 S.W.3d at 618. Pursuant to section 559.115.3, the SOAU is a 120-day program that Valentine successfully completed. Under this subsection, the circuit court had the authority to determine whether the Board's recommendation that Valentine be released on probation constituted an abuse of discretion. If the circuit court found the Board abused its discretion, the circuit court could order the execution of Valentine's sentences only after conducting a hearing on the matter within 90 to 120 days of Valentine's sentence.

In this case, Valentine was sentenced on August 25, 2011. The circuit court's authority to order Valentine's sentences executed expired 120 days thereafter on December 23, 2011. The court held a hearing and found that release would be an abuse of discretion, but it did not do so until January 19, 2012, nearly a month after the 120-day period set out in section 559.115.3 had expired. Therefore, the circuit court lacked the authority to enter its January 19, 2012, judgment denying Valentine probation and executing his sentences. *See Mertens*, 198 S.W.3d at 618.

### Conclusion

This Court's preliminary writ of mandamus is made permanent. The circuit court is ordered to release Valentine on probation under such conditions as it deems appropriate.

All concur.