**STATE of Missouri ex rel. Darren Ray NORWOOD, Relator,**

v.

**The Honorable Mary W. SHEFFIELD, Respondent.**

**No. SD 32261.**

Missouri Court of Appeals,
Southern District,
Division Two.

Oct. 18, 2012.

John D. Beger, Rolla, for Appellant.

Herman Gerhard Guetersloth, Jr., Rolla, for Respondent.

Before SCOTT, P.J., BATES, J., and BURRELL, C.J.

## ORIGINAL PROCEEDING IN MANDAMUS

PER CURIAM.

Relator, Darren R. Norwood, filed a petition for writ of mandamus asking this court to compel respondent, the Honorable Mary W. Sheffield, Judge of the Circuit Court of Phelps County, to order relator released on probation in accordance with § 559.115.3 RSMo.[1] Having reviewed and considered relator's petition and exhibits, and having received no suggestions in opposition or other response to the petition, we conclude that relator is entitled to relief. In the interest of justice, we hereby dispense with all further procedure in this matter and issue a permanent writ in mandamus. Rule 84.24(j) and (*l*).[2]

### Discussion and Decision

On November 7, 2011, relator pleaded guilty to possession of child pornography pursuant to § 573.037 RSMo. On January 9, 2012, respondent sentenced relator to five years in the Missouri Department of Corrections (DOC) but ordered relator "committed under § 559.115 RSMo" and specifically recommended "placement of [relator] in SOAU." The trial court's records reveal that "SOAU" was intended as a reference to the Sexual Offender Assessment Unit within DOC. *See* § 559.115.5 RSMo.

On April 23, 2012, the Board of Probation and Parole issued a report finding

that relator "seems best suited for sex offender treatment in the community under strict probation supervision" and recommending that "[p]robation be granted." On April 25, 2012, respondent entered an "Order pursuant to 559.115 RSMo[ ]" in relator's case. The order states: "The Court has determined it would be an abuse of discretion to release and orders the execution of the sentence of 5 years."

In his petition for writ, relator contends that the trial court's order of April 25, 2012, was ineffective and that he is entitled to release on probation because respondent failed to conduct a hearing within 120 days of relator's sentence as required by § 559.115.3 RSMo. We agree.

As relevant here, § 559.115 RSMo provides:

The court may recommend placement of an offender in a department of corrections one hundred twenty-day program [under this section].... When the court recommends and receives placement of an offender in a department of corrections one hundred twenty-day program, the offender shall be released on probation if the department of corrections determines that the offender has successfully completed the program except as follows. Upon successful completion of a treatment program, the board of probation and parole shall advise the sentencing court of an offender's probationary release date thirty days prior to release. The court shall release the offender unless such release constitutes an abuse of discretion. If the court determined that there is an abuse of discretion, the court may order the execution of the offender's sentence only after conducting a hearing on the matter within

---

**1.** Statutory references are to RSMo Cum. Supp.2011 unless otherwise noted.

**2.** All rule references are to Missouri Court Rules (2012).

ninety to one hundred twenty days of the offender's sentence. If the court does not respond when an offender successfully completes the program, the offender shall be released on probation.

As an initial matter, we note that the SOAU qualifies as a 120–day program under § 559.115.3 under the recent holding of the Supreme Court of Missouri in *State ex rel. Valentine v. Orr*, 366 S.W.3d 534, 541 (Mo. banc 2012). Further, the Board of Probation and Parole's report of April 23, 2012, clearly recommends that relator be released on probation. Accordingly, the question of whether relator is entitled to release turns on whether respondent acted in accordance with § 559.115.3 RSMo in denying probation and ordering relator's sentence executed.

Under § 559.115.3 RSMo, respondent was required to release relator on probation unless she, first, determined that relator's release "constitute[d] an abuse of discretion" and, second, "conduct[ed] a hearing on the matter within ninety to one hundred twenty days of the offender's sentence." Here, respondent's order of April 25, 2012, includes a finding that relator's release would be an abuse of discretion. However, there is no indication in the trial court's records that respondent conducted a hearing within the time provided in § 559.115.3 prior to ordering relator's sentence executed. We conclude, therefore, that relator is entitled to a petition for writ of mandamus compelling the circuit court to release him on probation. *See Valentine*, 366 S.W.3d at 541; *State ex rel. Mertens v. Brown*, 198 S.W.3d 616, 618 (Mo. banc 2006).

In accordance with the foregoing, the court hereby enters a permanent writ in mandamus whereby the circuit court is directed to release relator on probation under such conditions as it deems appropriate.