

# In the Missouri Court of Appeals
# Eastern District
## WRIT DIVISION TWO

| | |
|---|---|
| STATE OF MISSOURI ex rel. MICHAEL LOVELACE, | ) No. ED100782 ) |
| | ) Writ of Mandamus |
| Relator, | ) Circuit Court of Lincoln County |
| | ) Cause No. 13L6-CR00814-01 |
| vs. | ) |
| | ) Hon. Chris Kunza Mennemeyer |
| HONORABLE CHRIS KUNZA MENNEMEYER, JUDGE OF THE CIRCUIT COURT OF LINCOLN COUNTY, MISSOURI. | ) ) ) ) |
| | ) |
| Respondent. | ) Filed: February 25, 2014 |

The relator, Michael Lovelace, seeks a writ of mandamus directing the respondent, the Honorable Chris Kunza Mennemeyer, to order that Lovelace be released from the Missouri Department of Corrections and placed on probation. We issued a preliminary order in mandamus. The respondent has filed an answer, and admitted all allegations in Lovelace's petition. We dispense with further briefing in the interests of justice as permitted by Rule 84.24(j). We now make our preliminary order permanent, and direct the respondent to release Lovelace on probation as provided in section 559.115.3 RSMo. (Supp. 2012).[1]

Lovelace pleaded guilty to one count of stealing. On August 5, 2013, the trial court sentenced Lovelace to five years' imprisonment in the Department of Corrections, and he was delivered to the Department on August 13, 2013. The trial court further ordered Lovelace's

---

[1] All statutory references are to RSMo. (Supp. 2012) except as otherwise indicated.

sentence be served pursuant to the institutional drug and alcohol treatment provisions of section 559.115. Within 120 days of Lovelace's sentence, the Department of Corrections reported that Lovelace successfully completed the institutional-treatment program. On October 30, 2013, without conducting a hearing, the trial court denied Lovelace's release on probation, and ordered that Lovelace's sentence be executed.

Mandamus is a discretionary writ that is appropriate when a court has exceeded its jurisdiction or authority, and where no remedy exists through appeal. *State ex rel. Dorsey v. Wilson*, 263 S.W.3d 790, 791 (Mo. App. E.D. 2008). "Ordinarily, mandamus is the proper remedy to compel the discharge of ministerial functions, but not to control the exercise of discretionary powers." *State ex rel. Valentine v. Orr*, 366 S.W.3d 534, 538 (Mo. banc 2012). However, if the respondent's actions are wrong as a matter of law, then she has abused any discretion she may have had, and mandamus is appropriate. *Id*.

Section 559.115.3 allows the trial court to place an offender in the Department of Corrections for 120 days. It also expressly provides in pertinent part either for release on probation or a timely hearing prior to execution of the offender's sentence if the trial court decides to deny probation:

> The court may recommend placement of an offender in a department of corrections one hundred twenty-day program . . . *When the court recommends and receives placement of an offender in a department of corrections one hundred twenty-day program, the offender shall be released on probation if the department of corrections determines that the offender has successfully completed the program except as follows.* Upon successful completion of a treatment program, the board of probation and parole shall advise the sentencing court of an offender's probationary release date thirty days prior to release. *The court shall release the offender unless such release constitutes an abuse of discretion. If the court determined that there is an abuse of discretion, the court may order the execution of the offender's sentence only after conducting a hearing on the matter within ninety to one hundred twenty days of the offender's sentence.* If the court does not respond when an offender successfully completes the program, the offender shall be released on probation. . . .

(Emphases added).[2]  Thus, under this section, after the court imposes a sentence and receives notice that the offender has successfully completed the institutional-treatment program, the trial court must grant probation unless release would constitute an abuse of discretion.  *State ex rel. Mertens v. Brown,* 198 S.W.3d 616, 618 (Mo. banc 2006); *Dorsey*, 263 S.W.3d at 791.  If the trial court determines that the offender's release constitutes an abuse of discretion, the trial court must conduct a hearing within 90 to 120 days of the offender's sentence before ordering execution of the sentence. *Id.* at 791-92.

Here, the trial court sentenced Lovelace on August 5, 2013, so the trial court's authority to order his sentence executed expired 120 days thereafter, on December 3, 2012.  *See Valentine*, 366 S.W.3d at 541 (stating court's authority to order offender's sentences executed expired 120 days after sentencing).  The trial court denied Lovelace's release on probation on October 30, 2013, and ordered execution of his sentence.  The trial court failed to hold a hearing prior to ordering execution of Lovelace's sentence as required by the statute.  Because the trial court failed to hold a hearing within 90 to 120 days of Lovelace's sentence, the time to order execution of the sentence expired.[3]  *Mertens,* 198 S.W.3d at 618; *Dorsey*, 263 S.W.3d at 792.  Thus, Lovelace must be released on probation.

---

[2] Section 559.115.3 was amended after Lovelace was sentenced and delivered to the Department of Corrections, but before he completed his 120-day program and the trial court denied probation.  H.B. 215, 97th Gen. Assem., 1st Reg. Sess. (Mo. 2013); H.B. 374 & 434, 97th Gen. Assem., 1st Reg. Sess. (Mo. 2013). These amendments became effective August 28, 2013, ninety days after adjournment of the legislative session in which they were enacted.  Mo. Const. art. III, sec. 29.  The parties assume that the previous version of the statute applies.  Having been offered no law or argument to the contrary, we also assume, without deciding, that the previous version of the statute applies. We need not decide this issue because even if the version of the statute as amended in 2013 applies, our conclusion remains the same.  The statute still requires the trial court to conduct a timely hearing before ordering execution of the offender's sentence.  Mo. Ann. Stat. sec. 559.115.3 (West Supp. 2014).

[3] The statute, as amended in 2013, now provides that if the trial court determines that the offender's release on probation is not appropriate, the trial court shall conduct a hearing on the matter within 90 to 120 days from the date the offender was delivered to the Department of Corrections.  Mo. Ann. Stat. sec. 559.115.3 (West Supp. 2014). Because Lovelace was delivered to the Department of Corrections on August 13, 2013, the 120th day thereafter fell on December 11, 2013.  The trial court failed to hold a hearing, and thus the time to order execution of the sentence

3

The preliminary order in mandamus is made permanent. The respondent is directed to release Lovelace on probation.

_____
LAWRENCE E. MOONEY, PRESIDING JUDGE

GLENN A. NORTON, J., and
GARY M. GAERTNER, JR., J., concur.

---

expired in any event, whether under the former standard requiring a finding that release on probation constitutes an abuse of discretion or under the new standard that release is not appropriate.