

# In the Missouri Court of Appeals
# Eastern District

### WRIT DIVISION TWO

STATE OF MISSOURI ex rel.  ) No. ED100826
ERNEST KIZER, )
) Writ of Mandamus
Relator, ) Circuit Court of Lincoln County
) Cause No. 11L6-CR015424-01
vs. )
) Hon. Chris Kunza Mennemeyer
HONORABLE CHRIS KUNZA )
MENNEMEYER, JUDGE OF THE )
CIRCUIT COURT OF LINCOLN )
COUNTY, MISSOURI, )
)
Respondent. ) Filed: February 25, 2014

The relator, Ernest Kizer, seeks a writ of mandamus and a writ of prohibition directing

the respondent, the Honorable Chris Kunza Mennemeyer, to order that Kizer be released from

the Missouri Department of Corrections and placed on probation and prohibiting the respondent

from executing Kizer's sentence, respectively. We issued a preliminary order in mandamus.

The respondent has filed an answer, and admitted all allegations in Kizer's petition. We

dispense with further briefing in the interests of justice as permitted by Rule 84.24(j). We now

make our preliminary order permanent, and direct the respondent to release Kizer on probation

as provided in Section 559.115.3 RSMo (Supp. 2012).[1]

Kizer pleaded guilty to one count of second-degree drug trafficking. On April 24, 2013,

the trial court sentenced Kizer to eight years' imprisonment in the Department of Corrections.

---

[1] All statutory references are to RSMo. (Supp. 2012).

The trial court further ordered Kizer's sentence be served pursuant to the institutional drug and alcohol treatment provisions of section 559.115. Within the first 120 days of Kizer's sentence, the Department of Corrections reported that Kizer successfully completed the institutional treatment program. On July 17, 2013, the trial court denied Kizer's release on probation, and ordered his sentence of eight years to be executed. The trial court did not conduct a hearing before taking this action, or at any time thereafter.

Mandamus is a discretionary writ that is appropriate when a court has exceeded its jurisdiction or authority, and where no remedy exists through appeal. *State ex rel. Dorsey v. Wilson*, 263 S.W.3d 790, 791 (Mo. App. E.D. 2008). A litigant seeking mandamus must allege and prove a clear, unequivocal, specific right to a thing claimed. *State ex rel. Valentine v. Orr*, 366 S.W.3d 534, 538 (Mo. banc 2012). "Ordinarily, mandamus is the proper remedy to compel the discharge of ministerial functions, but not to control the exercise of discretionary powers." *Id*. However, if the respondent's actions are wrong as a matter of law, then she has abused any discretion she may have had, and mandamus is appropriate. *Id*.

Section 559.115.3 allows the trial court to place an offender in the Department of Corrections for 120 days. Under the version of section 559.115.3 in effect at all times relevant to this case,[2] the statute expressly provided in pertinent part either for release on probation or a timely hearing prior to execution of the offender's sentence if the trial court decided to deny probation:

> The court may recommend placement of an offender in a department of corrections one hundred twenty-day program . . . *When the court recommends and receives placement of an offender in a department of corrections one hundred twenty-day program, the offender*

---

[2] Section 559.115.3 was amended, effective after the events at issue in this case. H.B. 215, 97th Gen. Assem., 1st Reg. Sess. (Mo. 2013); H.B. 374 & 434, 97th Gen. Assem., 1st Reg. Sess. (Mo. 2013). These amendments became effective August 28, 2013, ninety days after adjournment of the legislative session in which they were enacted. Mo. Const. art. III, sec. 29. In any event, the current version of section 559.115.3 also requires the trial court to conduct a timely hearing before denying the offender's release on probation.

> *shall be released on probation if the department of corrections determines that the offender has successfully completed the program except as follows.* Upon successful completion of a treatment program, the board of probation and parole shall advise the sentencing court of an offender's probationary release date thirty days prior to release. *The court shall release the offender unless such release constitutes an abuse of discretion. If the court determined that there is an abuse of discretion, the court may order the execution of the offender's sentence only after conducting a hearing on the matter within ninety to one hundred twenty days of the offender's sentence.* If the court does not respond when an offender successfully completes the program, the offender shall be released on probation. . . .

(Emphases added). Thus, under this section, after the court imposes a sentence and receives notice that the offender has successfully completed the institutional-treatment program, the trial court must grant probation unless release would constitute an abuse of discretion. *State ex rel. Mertens v. Brown,* 198 S.W.3d 616, 618 (Mo. banc 2006); *Dorsey*, 263 S.W.3d at 791. If the trial court determines that the offender's release constitutes an abuse of discretion, the trial court must conduct a hearing within 90 to 120 days of the offender's sentence before ordering execution of the sentence. *Id.* at 791-92.

Here, the trial court sentenced Kizer on April 24, 2013, so the trial court's authority to order Kizer's sentence executed expired 120 days thereafter, on August 22, 2013. *See Valentine*, 366 S.W.3d at 541 (stating court's authority to order offender's sentences executed expired 120 days after sentencing).[3] The trial court denied Kizer's release on probation on July 17, 2013, and ordered execution of his eight-year sentence without holding a hearing as required by the statute. Because the trial court failed to hold a hearing within 90 to 120 days of Kizer's sentence, the time to order execution of the sentence expired. *Mertens,* 198 S.W.3d at 618; *Dorsey*, 263 S.W.3d at 792. Thus, Kizer must be released on probation.

---

[3] The current version of the section 559.115.3, which became effective after Kizer completed his first 120 days, now provides that the trial court shall conduct a hearing on the matter within 90 to 120 days from the date the offender was delivered to the Department of Corrections, rather than within 90 to 120 days from the offender's sentence.

The preliminary order in mandamus is made permanent. The respondent is directed to release Kizer on probation.

_____
LAWRENCE E. MOONEY, PRESIDING JUDGE

GLENN A. NORTON, J., and
GARY M. GAERTNER, JR., J., concur.

4