Gary D. Witt, Judge
Relator John Jason Young was convicted of felony driving while intoxicated in the Circuit Court of Livingston County. Young was sentenced to four years' imprisonment, and was ordered to participate in a 120-day institutional treatment program pursuant to § 559.115.3.[1] Although the Department of Corrections reported to the circuit court that Young would[2] successfully complete the 120-day program, the court denied Young release on probation. Young filed a Petition for Writ of Mandamus in this Court, contending that the circuit court lacked authority to deny him probation, since it failed to hold a hearing on the matter within 120 days of Young's delivery to the Department of Corrections.
Young's petition has merit. We issue a permanent writ in mandamus directing the circuit court to rescind its order denying Young release on probation, and to enter an order releasing him on probation on appropriate conditions.
Factual Background
On July 10, 2018, Young pled guilty in the Circuit Court of Livingston County to the offense of E Felony Driving While Intoxicated pursuant to § 577.010. The circuit court sentenced Young to four years' imprisonment, but ordered that he participate in an institutional treatment program pursuant to § 559.115.3.
Young was delivered to the Department of Corrections on July 19, 2018, and placed *713 in an institutional treatment program. On October 15, 2018, the Department's Board of Probation and Parole submitted a report to the circuit court concerning Young's participation in the institutional treatment program. The report indicated that Young's "institutional adjustment is [sic] exceeds expectations," and had "received no Conduct Violations." The report stated that Young's compliance "exceeds expectations" and he was "an asset and a very strong member of the community," and "Young has shown above satisfactory progress through the ITC Program, receiving an exceeds expectations critique from Treatment Staff." Young was "on track to complete the program as ordered by the court" and his release was recommended. The report stated that "[t]his is the NOTICE OF STATUTORY DISCHARGE," and that, "Young's 120th day and Program Completion Date are both 11-16-18."
The Department's report was filed on October 15, 2018, and on October 16, 2018, the circuit court entered an order denying Young release on probation. The order states that "[t]he above named defendant/offender has completed the 120 day program pursuant to 559.115 RSMo," but that "[t]he Court has determined it would be an abuse of discretion to release and orders the execution of the sentence of ______ years."[3] Neither the court's order, nor the docket sheet, indicate that the circuit court held a hearing before rejecting the Department of Corrections' recommendation, and denying Young release on probation. Similarly, the suggestions in opposition to the writ petition which were filed on Respondent's behalf do not contend that a hearing was in fact held before the court denied Young probation.
On December 3, 2018, Young filed a Petition for Writ of Mandamus or in the Alternative a Writ of Prohibition in this Court, contending that the circuit court lacked authority to deny him release on probation, because the court had failed to hold a hearing within 120 days of his delivery to the Department of Corrections. Respondent filed Suggestions in Opposition to Young's writ petition on December 8, 2018. We now issue our permanent writ of mandamus, ordering Young's release.[4]
Discussion[5]
Section 559.115.3, as amended effective January 1, 2017, provides:
The court may recommend placement of an offender in a department of corrections one hundred twenty-day program under this subsection or order such *714 placement under subsection 4 of section 559.036. Upon the recommendation or order of the court, the department of corrections shall assess each offender to determine the appropriate one hundred twenty-day program in which to place the offender, which may include placement in the shock incarceration program or institutional treatment program. When the court recommends and receives placement of an offender in a department of corrections one hundred twenty-day program, the offender shall be released on probation if the department of corrections determines that the offender has successfully completed the program except as follows. Upon successful completion of a program under this subsection, the board of probation and parole shall advise the sentencing court of an offender's probationary release date thirty days prior to release. The court shall follow the recommendation of the department unless the court determines that probation is not appropriate. If the court determines that probation is not appropriate, the court may order the execution of the offender's sentence only after conducting a hearing on the matter within ninety to one hundred twenty days from the date the offender was delivered to the department of corrections. If the department determines the offender has not successfully completed a one hundred twenty-day program under this subsection, the offender shall be removed from the program and the court shall be advised of the removal. The department shall report on the offender's participation in the program and may provide recommendations for terms and conditions of an offender's probation. The court shall then have the power to grant probation or order the execution of the offender's sentence.
(Emphasis added.)
In State ex rel. Mertens v. Brown , 198 S.W.3d 616 (Mo. banc 2006), the Missouri Supreme Court emphasized that, "[o]nce judgment and sentencing occur in a criminal proceeding, the trial court has exhausted its jurisdiction. It can take no further action in that case except when otherwise expressly provided by statute or rule." Id. at 618 (citation omitted). Mertens held that, under the plain language of § 559.115.3, before the circuit court can reject a Department of Corrections recommendation to release an offender on probation, "the statute ... requires the trial court to conduct a hearing within 90 to 120 days." Id. at 618. If the Department of Corrections recommends that a defendant receive probation and a circuit court fails to hold a hearing within the 90-to-120-day window following an offender's delivery to the Department of Corrections, "the time to order execution of the sentence expire[s], and the offender is required to be released on probation." Id.
Mertens has been followed in a series of Supreme Court and Court of Appeals decisions, each of which issued an extraordinary writ requiring a circuit court to release an offender on probation, where the circuit court had rejected a Department of Corrections recommendation to grant the offender probation, but failed to conduct a hearing within 120 days. See State ex rel. Valentine v. Orr , 366 S.W.3d 534, 541 (Mo. banc 2012) ; State ex rel. Lovelace v. Mennemeyer , 421 S.W.3d 555, 557 (Mo. App. E.D. 2014) ; State ex rel. Kizer v. Mennemeyer , 421 S.W.3d 558 (Mo. App. E.D. 2014) ; State ex rel. Norwood v. Sheffield , 380 S.W.3d 666, 668 (Mo. App. S.D. 2012) ; State ex rel. Dorsey v. Wilson , 263 S.W.3d 790 (Mo. App. E.D. 2008).[6]
*715 Under the plain language of § 559.115.3, and under Mertens and the cases following it, a circuit court is required to hold a hearing before denying an offender release on probation, if the Department of Corrections timely reports that the offender has successfully completed a 120-day program. In his suggestions in opposition to Young's writ petition, Respondent points out that the Department of Corrections' report did not indicate that Young completed the program but was merely slated to finish the program. The timing of Young's completion of the program November 16, 2018, however, was the same date as Young's 120th day in DOC custody. It was impossible for the Department of Corrections to wait until after Young completed the program to notify the court as to its recommendation. There was nothing in the report that would have indicated to the court that Young would not complete the program as scheduled. We are unpersuaded by Respondent's argument that because Young would successfully complete the program on the 120th day, he was not entitled to his statutory right to a hearing if probation were to be denied. This is plainly a report of successful program completion within the meaning of § 559.115.3. The legislature set out the time frame under which offenders may complete the program. An offender cannot be stripped of his right to a hearing on his probation determination simply because he completed the program within the time limits but on the last day of such time limits. Indeed, the circuit court's own order denying Young probation notes that he "ha[d] completed the 120 day program pursuant to 559.115 RSMo," but that the circuit court was refusing to follow the Department of Corrections' recommendation that he be released.[7] It was not, as the Respondent partially suggests, due to the fact that the Department of Corrections' report did not indicate final completion.
Under § 559.115.3, following the Department of Corrections' report that Young would successfully complete the requirements of his 120-day program, the circuit court was required to hold a hearing within 120 days of Young's delivery to the Department of Corrections if the court intended to reject the Department's recommendation that he be released on probation. Because the court failed to hold a hearing before the 120th day, "the time to order execution of the sentence expired, *716 and [Young] is required to be released on probation." Mertens , 198 S.W.3d at 618.
Conclusion
We issue a permanent writ in mandamus directing the circuit court to rescind its October 16, 2018 order denying Young release on probation. The circuit court is directed to enter an order releasing Young on probation on appropriate conditions.
All concur

Unless otherwise indicated, statutory citations refer to the 2016 edition of the Revised Statutes of Missouri, updated by the 2017 Supplement.

Young's 120th day and Program Completion Date were both November 16, 2018.

The circuit court's finding that release of Young on probation would constitute "an abuse of discretion" invokes the standard for rejection of the Department of Corrections' probation recommendation under a prior version of the statute. See § 559.115.3, RSMo Cum. Supp. 2012. The duration of sentence was left blank in the order.

Rule 84.24 provides that, after the filing of suggestions in opposition to a writ petition, an appellate court will ordinarily issue a preliminary writ, and the case will then proceed with the filing of a formal answer to the petition, and briefing by the parties. Rule 84.24(i) provides, however, that "[w]henever in the judgment of the court the procedure heretofore required would defeat the purpose of the writ, the court may dispense with such portions of the procedure as is necessary in the interest of justice." Because the relevant facts and legal issues have been adequately presented by Young's petition and Respondent's suggestions in opposition, and because Young is presently incarcerated without statutory authority, we have determined in the interest of justice to proceed directly to issuance of a permanent writ in mandamus.

We recently addressed this identical issue in State ex rel. Barac v. Kellogg , No. WD82243, 561 S.W.3d 905, 2018 WL 6492711 (Mo. App. W.D. Dec. 11, 2018).

Section 559.115.3 was amended in 2013. The amendment eliminated the earlier requirement that the circuit court find that release on probation "constitutes an abuse of discretion." See § 559.115.3, RSMo Cum. Supp. 2012. Instead, under the current statute, the circuit court need only find "that probation is inappropriate." The 2013 amendment also specifies that the circuit court is required to hold a hearing "within ninety to one hundred twenty days from the date the offender was delivered to the department of corrections," rather than within 90-to-120 days "of the offender's sentencing," as required by the prior law.
Despite these statutory amendments, the requirement that a circuit court hold a hearing before rejecting a Department of Corrections probation recommendation remains unchanged, and therefore Mertens and other cases interpreting the pre-2013 statute remain controlling here. Lovelace , 421 S.W.3d at 557 n.2 ; Kizer , 421 S.W.3d at 559 n.2.

The suggestions in opposition filed on Respondent's behalf suggest that, the court must have read that Young's dependency on alcohol and methamphetamine was life-long and chronic. Finding that, because he drove on a revoked license, Young should not have been granted probation. These are certainly findings that court would have had the discretion to make following a hearing. But, following successful completion of the 120-day program, Young was entitled to a hearing on those issues. The Respondent cannot now simply suppose that it properly considered the relevant factors that would have been discussed at a hearing and contend that a hearing was therefore unnecessary.