

# In the Missouri Court of Appeals
# Eastern District

| | | |
|---|---|---|
| STATE OF MISSOURI, EX REL. | ) | No. ED113476 |
| JACQUEICE WYNN, | ) | |
|     Relator, | ) | Writ of Mandamus |
| | ) | |
| vs. | ) | CAPE GIRARDEAU COUNTY |
| | ) | CIRCUIT COURT |
| | ) | Cause No. 24CG-CR00890-01 |
| HONORABLE SCOTT ALAN LIPKE, | ) | |
| CIRCUIT JUDGE, | ) | Filed: April 29, 2025 |
|     Respondent. | ) | |
| | ) | |

## Introduction

The relator, Jacqueice Wynn (Wynn) filed a Petition for a Writ of Mandamus seeking to direct the respondent, the Honorable Scott Alan Lipke (Respondent), to enter an order that Wynn be released from the Missouri Department of Corrections (MDC) and placed on probation. We issued an order for suggestions in opposition. Respondent filed an answer in which he admitted all the allegations in Wynn's petition. Based on those admissions, we dispensed with further briefing in the interests of justice as permitted by Rule 84.24(i)[1] and issued a preemptory writ of mandamus that directed Respondent to release Wynn on probation. We now provide a written opinion explaining our decision pursuant to Rule 84.24(k).

## Factual and Procedural Background

---

[1] All rule references are to the Missouri Rules of Civil Procedure 2025, unless otherwise indicated.

On November 18, 2024, Wynn pleaded guilty to the class C felony of endangering the welfare of a child. The trial court sentenced Wynn to seven years' imprisonment in the MDC but ordered Wynn to participate in a 120-day shock incarceration program pursuant to Missouri Statute Section 559.115.3.[2] Approximately 30 days before the end of the 120-day shock incarceration program, the Board of Probation and Parole submitted its 30-day report to the trial court indicating that Wynn was on track to successfully complete the program, noting that "Wynn's 120th day is 03/22/25, and [Wynn] shall be released on that date unless otherwise ordered by the Court." On February 25, 2025, Respondent entered an order finding that Wynn had completed the 120-day program, but Respondent stated that "[t]he court has determined it would be an abuse of discretion to release [Wynn] and order[ed] the execution of the sentence of 7 years." Respondent failed to conduct a hearing before denying Wynn's release.

Discussion

A defendant may challenge the denial of probation required by Section 559.115.3 via a writ of mandamus. State ex rel. Williamson v. Cardona, 614 S.W.3d 634, 636 (Mo. App. E.D. 2020). Mandamus is appropriate when a trial court has exceeded its jurisdiction or authority and there is no appellate remedy. Id. The party seeking mandamus must prove "a clear, unequivocal, specific" right to the redress claimed. State ex rel. Valentine v. Orr, 366 S.W.3d 534, 538 (Mo. banc 2012). While, ordinarily, mandamus does not control the exercise of a trial court's discretionary powers, if the respondent's actions are incorrect as a matter of law, then that action is considered an abuse of discretion and mandamus is appropriate. Id.

Section 559.115.3 allows a trial court to place an offender in the 120-day shock incarceration program in the MDC. When the trial court places an offender in the 120-day shock

---

[2] All further statutory references are to RSMo. cum. supp. 2025.

incarceration program, the statute mandates the offender's release, unless the trial court holds a hearing at which it finds probation is not appropriate. Section 559.115.3. The statute provides in full that,

> [w]hen the court recommends and receives placement of an offender in a department of corrections one hundred twenty-day program, *the offender shall be released on probation* if the department of corrections determines that the offender has successfully completed the program, except as follows. Upon successful completion of a program under this subsection, the division of probation and parole shall advise the sentencing court of an offender's probationary release date thirty days prior to release. *The court shall follow the recommendation of the department unless the court determines that probation is not appropriate.* If the court determines that probation is not appropriate, the court may order the execution of the offender's sentence *only after conducting a hearing on the matter within ninety to one hundred twenty days from the date the offender was delivered to the department of corrections.*

Section 559.115.3 (emphases added). Accordingly, under the statute, when the trial court receives notice 30 days prior to release that the offender has successfully completed the 120-day shock incarceration program, the trial court must grant probation, unless the trial court, after first conducting a hearing within 90-120 days of the date the offender was delivered to the department of corrections, determines probation is not appropriate. State ex rel. Kizer v. Mennemyer, 421 S.W.3d 558, 560 (Mo. App. E.D. 2014); Section 559.115.3.

Here, Wynn was delivered to the MDC on November 22, 2024. The board of probation and parole in its 30-day report stated Wynn was on track to successfully complete the 120-day shock incarceration program and recommended Wynn's release on probation at the end of the 120 days, namely March 22, 2025. On February 25, 2025, Respondent denied probation, finding it to be an abuse of discretion, and executed Wynn's seven-year sentence. Respondent did not at any time hold a hearing as required by Section 559.115.3.

Because Respondent failed to hold a hearing within the proper timeframe, as clearly set forth by Section 559.115.3, Respondent was required to release Wynn on probation. See State ex

3

rel. Mertens v. Brown, 198 S.W.3d 616, 618 (Mo. banc 2006) ("[o]nce 120 days passed and the trial court failed to hold a hearing, the trial court was required to place Mertens on probation"). Respondent's order denying probation and executing Wynn's seven-year sentence clearly violated Section 559.115.3.

Although Respondent requested in his Answer that this Court remand for Respondent to hold a hearing, Section 559.115.3 specifically provides that the trial court must hold the hearing within 90-120 days after the offender is delivered to the MDC, and thus Respondent's authority to conduct the required hearing expired on March 22, 2025. See Valentine, 366 S.W.3d at 541 (stating court's authority to order offender's sentence be executed expired after 120 days); Kizer, 421 S.W.3d at 560. Here, Respondent's order denying probation and executing the judgment was incorrect as a matter of law, making it an abuse of discretion, and thus mandamus is appropriate.

### Conclusion

Respondent exceeded his authority by failing to hold a hearing during the time allotted by Section 559.115.3. This preemptory writ of mandamus orders Wynn's release from the MDC and, as requested in Respondent's Answer, places Wynn on probation under the supervision of the Missouri Department of Probation and Parole for such terms and conditions as set forth by Respondent forthwith.

_____
Gary M. Gaertner, Jr., P.J.

Robert M. Clayton III, J., and
John P. Torbitzky, J., concur.

4