**STATE ex rel. Shane M. BEGGS, Petitioner,**

v.

**Dave DORMIRE, Superintendent, Respondent.**

**No. SC 84579.**

Supreme Court of Missouri, En Banc.

Dec. 24, 2002.

Thomas G. Pirmantgen, Cook, Vetter, et al., P.C., Jefferson City, for appellant.

Shane Beggs, Jefferson City, pro se.

Jeremiah W. (Jay) Nixon, Atty. Gen., Frank A. Jung, Asst. Atty. Gen., Jefferson City, for respondent.

DUANE BENTON, Judge.

Petitioner Shane M. Beggs originally sought a writ of habeas corpus in this Court. *Mo. Const. art. V, sec. 4; Rule 91.* Petitioner claims that although his original imprisonment was lawful, he is entitled by statute to be placed on probation. Peremptory writ of mandamus issued.

The Circuit Court of Polk County sentenced petitioner to seven years imprisonment under the "Program for offenders with substance abuse addiction," created by section 217.362 RSMo 2000. Within an eleven-month period, petitioner also was sentenced under the same statute in seven other cases before three other judges in Greene and Jasper Counties. Section 217.362.3 provides:

> [U]pon successful completion of the program, the board of probation and parole may advise the sentencing court of the eligibility of the individual for probation. The original sentencing court shall hold a hearing to make a determination as to the fitness of the offender to be placed on probation. The court shall follow the recommendation of the board unless the court makes a determination that such a placement would be an abuse of discretion.

Petitioner successfully completed the program. The Board recommended probation. The judges in Greene and Jasper Counties determined that petitioner was fit for probation, followed the Board's recommendation, and placed petitioner on probation. The Polk County judge denied probation stating: " . . . the Court finds that placement of this Defendant on probation after reviewing his file, convictions and numerous failures to appear in the various counties would be an abuse of discretion, and, therefore, declines to grant probation."

The Board recommended placement on probation, noting that petitioner was "an excellent worker" in the program. The Board stated:

> During this incarceration, offender has not incurred any conduct violations which is highly unusual . . . [and] went from almost zero tolerance of criticism to the point of seeking feedback as a means of guidance and validation . . . [he] is hard working and courageous and his efforts definitely paid off.

The Board concluded: "The recommendation is for probation in this case as the subject has completed the long term drug program as stipulated by the courts."

At the hearing to determine petitioner's fitness for probation, the Polk County

judge was concerned about the number of convictions (eight), that one may have been violent (robbery second), and petitioner's numerous failures to appear. These events all occurred before sentencing, where the Polk County judge—based on notification of petitioner's eligibility for the program—sentenced him to it. Pre-sentencing evidence does not, by itself, make petitioner unfit for probation.

The Polk County judge also questioned fitness for probation, because petitioner completed the program in 11 months and 20 days, rather than 24 months. This is not evidence of unfitness because section 217.362.3 contemplates:

> If an offender successfully completes the program before the end of the twenty-four-month period, the department may petition the court and request that probation be granted immediately.

A sentencing court "shall follow" the Board's recommendation, unless placement on probation would be an abuse of discretion. *Sec. 217.362.3 RSMo 2000.* A sentencing court must determine, based on evidence, that the offender is unfit for probation, before it can determine that placement on probation would be an abuse of discretion. Here, no evidence supports the sentencing court's implicit determination that petitioner is unfit for probation. Thus, placement on probation is not an abuse of discretion, and the Board's recommendation for probation must be followed.

This Court may treat a petition for habeas corpus as a petition for mandamus. *State ex rel. Haley v. Groose,* 873 S.W.2d 221, 223 (Mo. banc 1994). In order to effectuate the writ, the Honorable J. Michael Brown is added as a respondent. See *State ex rel. Malone v. Mummert,* 889 S.W.2d 822, 826–27 (Mo. banc 1994). A peremptory writ of mandamus is issued to the Circuit Court of Polk County to place petitioner on probation.

All concur.