**STATE of Missouri ex rel. David A. DANE, Relator,**

v.

**STATE of Missouri and The Honorable Mary A. Dickerson, Respondents.**

**No. WD 62433.**

Missouri Court of Appeals, Western District.

Oct. 7, 2003.

Kerry G. Rowden, Tuscumbia, for Appellant.

Robert James Seek, Tuscumbia, for Respondent.

RONALD R. HOLLIGER, Presiding Judge.

Relator David A. Dane seeks a writ of mandamus ordering Respondent Judge Mary A. Dickerson to place him on proba-

tion as recommended by the Missouri Board of Probation and Parole and as required by Section 217.362, RSMo 2000. We hold that Respondent erred in denying Dane probation and that mandamus relief is proper.[1]

### Factual and Procedural Background

On January 31, 2001, Relator David A. Dane pleaded guilty in two cases to possession of methamphetamine. The Respondent, Judge Mary A. Dickerson, sentenced him pursuant to Section 217.362, RSMo, the long-term drug treatment program, with a sentence of ten years in the Missouri Department of Corrections. After Dane's successful completion of the program, the Board of Probation and Parole recommended that Dane be released on probation. After conducting the hearing required by Section 217.362, the Respondent held that it would be an abuse of discretion to release Relator on probation. Dane then filed a petition for writ of mandamus. We now make our writ of mandamus permanent and order Respondent to release Relator on probation.

### Discussion

Regarding the question of whether an offender sentenced under Section 217.362, RSMo, should be released on probation, "[a] sentencing court 'shall follow' the Board's recommendation unless placement on probation would be an abuse of discretion. A sentencing court must determine, based on evidence, that the offender is unfit for probation, before it can determine that placement on probation would be an abuse of discretion." *State ex rel. Beggs v. Dormire*, 91 S.W.3d 605, 607 (Mo. banc 2002). Where no evidence sup-

ports a determination that an offender is unfit for probation, then the court may not conclude that placement on probation would be an abuse of discretion under the statute. *Id.* Consequently, in such situations, the court is obliged to follow the recommendation of the Board of Probation and Parole and release the offender on probation. *Id.* In making its determination whether an offender is fit or unfit for probation, a court may look to evidence concerning the offender's conduct prior to sentencing. However, it may not base its decision exclusively upon that evidence. *See id.* It is important to note that the issue before us is not whether the trial judge abused her discretion in denying probation. Rather the issue is whether there was competent evidence in the record to support a conclusion that Dane was unfit for probation. Such evidence is a prerequisite to finding that the Board has abused its discretion in recommending probation. *Id.*

At the evidentiary hearing, the court considered the Board of Probation and Parole's written report, the testimony of the Miller County Sheriff and Relator. The Sheriff's testimony consisted entirely of matters relating to Relator's criminal conduct before the present convictions. The State presented no evidence relating to the reasons the Board of Probation and Parole believed that probation was appropriate. Relator testified that he completed the program in May 2002, some eight months before the hearing.[2] During that period of time, he achieved the highest level of completion possible and was assigned mentoring and induction responsibilities for new defendants placed in the program.

---

1. Dane was convicted in two separate cases and sentenced under RSMo Section 217.362. He sought mandamus in both cases, which have been consolidated.

2. Relator had apparently objected to his early release from the program, and Relator continued his participation until January 2003.

The trial court, in entering its order denying probation, found that the Board's recommendation that probation be granted was an abuse of discretion because Dane had already completed the long-term treatment program once before (roughly one year before being incarcerated on the present charges). The trial court stated that it was not aware of that prior treatment when sentencing him on the charges at issue. Finally, the court found that Relator had conduct violations while in the Department of Corrections. No evidence was presented about these conduct violations other than in the Board's report. They appear minor as, for one, Relator was given an activity restriction and, for the other, given unspecified extra duty. There was no other testimony or evidence about these violations. Under *State ex rel. Beggs*, Dane's prior participation in the long-term drug treatment program is presentencing conduct that may not, standing alone, provide a basis for denying probation under Section 217.362. *See id.* Respondent asks us to distinguish *State ex rel. Beggs*, however, on the basis that neither Respondent nor the Board of Probation and Parole was aware of Dane's previous participation in that drug treatment program.

Respondent incorrectly states the facts in claiming that the Board was also unaware of Dane's prior participation in the long-term drug treatment program. On page three of the Board of Probation and Parole's report, the Board clearly states that, "In addition, Dane has completed the same long term drug program he is participating in at this time. He completed this program successfully on 01–15–99, and was granted parole." It is clear from the Board's report that the Board was aware that Dane had previously participated in the long-term drug treatment program. Its recommendation that Dane be released on probation was made with that knowl-

edge. Respondent does not argue that she would not have accepted the plea agreement and sentenced Relator under section 217.362 if she had known about his prior prison drug treatment. Nor does Respondent cite any authority for the proposition that someone who has already had drug treatment is inappropriate for additional drug treatment or not eligible for the long-term drug treatment program.

Upon the record before us, we hold that Respondent was required under Section 217.362, RSMo 2000, to follow the recommendation of the Board of Probation and Parole .that Dane be placed upon probation. Respondent erred in failing to do so. We therefore grant Dane's application for writ of mandamus in each of the above-captioned actions, and a writ of mandamus is issued to the Circuit Court of Miller County directing Respondent Dickerson to enter orders placing Relator David A. Dane on probation pursuant to Section 217.362, RSMo 2000.

ROBERT G. ULRICH, Judge, and JAMES M. SMART, Judge, Jr., concur.