Alok Ahuja, Judge
Relator Karbino William Deng Barac was convicted of driving while intoxicated in the Circuit Court of Buchanan County. He was sentenced to five years' imprisonment, and was ordered to participate in a 120-day institutional treatment program pursuant to § 559.115.3.[1] Although the Department of Corrections reported to the circuit court that Barac had successfully completed the 120-day program, the court denied Barac release on probation. Barac filed a Petition for Writ of Mandamus in this Court, contending that the circuit court lacked authority to deny him probation, since it failed to hold a hearing on the matter within 120 days of Barac's delivery to the Department of Corrections.
Barac's petition has merit. We issue a permanent writ in mandamus directing the circuit court to rescind its order denying Barac probation, and to enter an order releasing him on probation on appropriate conditions.
Factual Background
Following a bench trial in the Circuit Court of Buchanan County, Barac was convicted of one count of driving while intoxicated as an aggravated offender under § 577.010. The circuit court sentenced Barac to five years' imprisonment, but ordered that he participate in an institutional *907 120-day program pursuant to § 559.115.3. We affirmed Barac's conviction on direct appeal in State v. Barac , 558 S.W.3d 126 (Mo. App. W.D. 2018).
Barac was delivered to the Department of Corrections on November 27, 2017, and placed in an institutional treatment program. On February 23, 2018, the Department's Board of Probation and Parole submitted a report to the circuit court concerning Barac's participation in the treatment program. The report indicated that Barac had "demonstrated satisfactory institutional adjustment," and had "incurred no conduct violations." The report stated that Barac had shown "progress in treatment engagement and motivation for change," had shown "acceptable initiative and motivation at this point in his recovery," and had "met the requirements for program completion." The report stated that "[t]his is the NOTICE OF STATUTORY DISCHARGE," and that, "[u]nless otherwise ordered by the Court, [Barac] will receive a statutory discharge on his 120th day from incarceration" on March 27, 2018.
On the same day that the Department's report was filed, the circuit court entered an order denying Barac release on probation. The order states that "[t]he above named defendant/offender has completed the 120 day program pursuant to 559.115 RSMo," but that "[t]he Court has determined it would be an abuse of discretion to release and orders the execution of the sentence of 5 years."[2] Neither the court's order, nor the docket, indicate that the circuit court held a hearing before rejecting the Department of Corrections' recommendation and denying Barac probation.
On November 1, 2018, Barac filed a Petition for Writ of Mandamus in this Court, contending that the circuit court lacked authority to deny him release on probation, because the court had failed to hold a hearing within 120 days of his delivery to the Department of Corrections. Respondent filed Suggestions in Opposition to Barac's writ petition on November 17, 2018. We now issue our permanent writ of mandamus, ordering Barac's release.[3]
Discussion
Section 559.115.3, as amended effective January 1, 2017, provides:
The court may recommend placement of an offender in a department of corrections one hundred twenty-day program under this subsection or order such placement under subsection 4 of section 559.036. Upon the recommendation or order of the court, the department of corrections shall assess each offender to determine the appropriate one hundred twenty-day program in which to place the offender, which may include placement in the shock incarceration program or institutional treatment program. When the court recommends and re *908 ceives placement of an offender in a department of corrections one hundred twenty-day program, the offender shall be released on probation if the department of corrections determines that the offender has successfully completed the program except as follows. Upon successful completion of a program under this subsection, the board of probation and parole shall advise the sentencing court of an offender's probationary release date thirty days prior to release. The court shall follow the recommendation of the department unless the court determines that probation is not appropriate. If the court determines that probation is not appropriate, the court may order the execution of the offender's sentence only after conducting a hearing on the matter within ninety to one hundred twenty days from the date the offender was delivered to the department of corrections. If the department determines the offender has not successfully completed a one hundred twenty-day program under this subsection, the offender shall be removed from the program and the court shall be advised of the removal. The department shall report on the offender's participation in the program and may provide recommendations for terms and conditions of an offender's probation. The court shall then have the power to grant probation or order the execution of the offender's sentence.
(Emphasis added.)
In State ex rel. Mertens v. Brown , 198 S.W.3d 616 (Mo. banc 2006), the Missouri Supreme Court emphasized that, "[o]nce judgment and sentencing occur in a criminal proceeding, the trial court has exhausted its jurisdiction. It can take no further action in that case except when otherwise expressly provided by statute or rule." Id. at 618 (citation omitted). Mertens held that, under the plain language of § 559.115.3, before the circuit court can reject a Department of Corrections recommendation to release an offender on probation, "the statute ... requires the trial court to conduct a hearing within 90 to 120 days." Id. at 618. If a circuit court fails to hold a hearing within the 90-to-120-day window, "the time to order execution of the sentence expire[s], and the offender is required to be released on probation." Id.
Mertens has been followed in a series of Supreme Court and Court of Appeals decisions, each of which issued an extraordinary writ requiring a circuit court to release an offender on probation, where the circuit court had rejected a Department of Corrections recommendation to grant the offender probation, but failed to conduct a hearing within 120 days. See State ex rel. Valentine v. Orr , 366 S.W.3d 534, 541 (Mo. banc 2012) ; State ex rel. Lovelace v. Mennemeyer , 421 S.W.3d 555, 557 (Mo. App. E.D. 2014) ; State ex rel. Kizer v. Mennemeyer , 421 S.W.3d 558, 560 (Mo. App. E.D. 2014) ; State ex rel. Norwood v. Sheffield , 380 S.W.3d 666, 668 (Mo. App. S.D. 2012) ; State ex rel. Dorsey v. Wilson , 263 S.W.3d 790, 792 (Mo. App. E.D. 2008).[4]
Under the plain language of § 559.115.3, and under Mertens and the *909 cases following it, a circuit court is required to hold a hearing before denying an offender release on probation, if the Department of Corrections timely reports that the offender has successfully completed a 120-day program. Respondent argues that the Department of Corrections' report in this case did not find that Barac had successfully completed the institutional treatment program, because the report expressed concern that Barac had sometimes minimized or denied his alcohol-abuse problems during his treatment. According to Respondent, because the Department of Corrections did not report Barac's successful completion of the program, the court's obligation to conduct a hearing before denying probation was never triggered. We disagree. Whatever reservations the report may have expressed when describing Barac's participation in the treatment program, the report unambiguously stated that it constituted a "NOTICE OF STATUTORY DISCHARGE." The Department reported that Barac had "met the requirements for program completion," and was entitled to "a statutory discharge" on March 27, 2018, "[u]nless otherwise ordered by the Court." This is plainly a report of successful program completion within the meaning of § 559.115.3. Indeed, the circuit court's own order denying Barac probation notes that he "ha[d] completed the 120 day program pursuant to 559.115 RSMo," but that the circuit court was refusing to follow the Department of Corrections' recommendation that he be released.
Under § 559.115.3, following the Department of Corrections' report that Barac had successfully completed the requirements of his 120-day program, the circuit court was required to hold a hearing within 120 days of Barac's delivery to the Department of Corrections if the court intended to reject the Department's recommendation that he be released on probation. Because the court failed to hold a hearing before the 120th day, "the time to order execution of the sentence expired, and [Barac] is required to be released on probation." Mertens , 198 S.W.3d at 618.
Conclusion
We issue a permanent writ in mandamus directing the circuit court to rescind its February 23, 2018 order denying Barac release on probation. The circuit court is directed to enter an order releasing Barac on probation on appropriate conditions.
All concur.

Unless otherwise indicated, statutory citations refer to the 2016 edition of the Revised Statutes of Missouri, updated by the 2017 Supplement.

The circuit court's finding that it would constitute "an abuse of discretion" to grant Barac probation invokes a prior version of the statute. See § 559.115.3, RSMo Cum. Supp. 2012, and note 4 below.

Rule 84.24 provides that, after the filing of suggestions in opposition to a writ petition, an appellate court will ordinarily issue a preliminary writ, and the case will then proceed with the filing of a formal answer to the petition, and briefing by the parties. Rule 84.24(i) provides, however, that "[w]henever in the judgment of the court the procedure heretofore required would defeat the purpose of the writ, the court may dispense with such portions of the procedure as is necessary in the interest of justice." Because the relevant facts and legal issues have been adequately presented by Barac's petition and Respondent's suggestions in opposition, and because Barac is presently incarcerated without statutory authority, we have determined in the interest of justice to proceed directly to issuance of a permanent writ in mandamus.

Section 559.115.3 was amended in 2013. The amendment eliminated the earlier requirement that the circuit court find that release on probation "constitutes an abuse of discretion." See § 559.115.3, RSMo Cum. Supp. 2012. Instead, under the current statute, the circuit court need only find "that probation is inappropriate." The 2013 amendment also specifies that the circuit court is required to hold a hearing "within ninety to one hundred twenty days from the date the offender was delivered to the department of corrections," rather than within 90-to-120 days "of the offender's sentencing," as required by the prior law.
Despite these statutory amendments, the requirement that a circuit court hold a hearing before rejecting a Department of Corrections probation recommendation remains unchanged, and therefore Mertens and other cases interpreting the pre-2013 statute remain controlling here. Lovelace , 421 S.W.3d at 557 n.2 ; Kizer , 421 S.W.3d at 559 n.2.