

# In the Missouri Court of Appeals
# Eastern District

**Writ Division I**

| | | |
|---|---|---|
| State Ex Rel. John Cullen, | ) | No. ED107388 |
| | ) | |
| Relator, | ) | |
| | ) | Writ of Mandamus |
| | ) | |
| vs. | ) | Jefferson County Circuit Court |
| | ) | Cause No. 16JE-CR00284-012 |
| The Honorable Troy A. Cardona, | ) | |
| Judge of the Circuit Court of the County of | ) | |
| Jefferson, 23rd Judicial Circuit | ) | |
| | ) | |
| Respondent. | ) | Filed: January 29, 2019 |

## OPINION

John Cullen ("Relator") seeks a writ of mandamus compelling the Honorable Troy A. Cardona ("Respondent") to release Relator from the custody of the Missouri Department of Corrections and place him on probation pursuant to § 217.362.[1] Relator argues that he should be released on probation because he successfully completed the long-term substance abuse treatment program established by § 217.362. We hold that the evidence upon which Respondent based the denial of Relator's probation was insufficient to support Respondent's conclusion that Relator was unfit for probation, and mandamus relief is therefore proper.

---

[1] All references are to Mo. Rev. Stat. Cum. Supp. 2016, unless otherwise specified.

1

## I.        Factual and Procedural Background

Relator pleaded guilty to three counts of tampering in the first degree, one count of assault in the second degree, and two counts of felony leaving the scene of a motor vehicle accident. On November 28, 2016, Relator was sentenced to 15 years' imprisonment pursuant to § 217.362, which allows an offender to be released on probation upon successful completion of the long-term treatment program.[2] On March 23, 2017, Relator began the long-term treatment program. On January 24, 2018, the Missouri Board of Probation and Parole (the "Board") submitted an investigation report, which outlined Relator's assessment and program participation. The report stated that Relator successfully completed the requirements of the long-term treatment program; Relator

> [W]as rated satisfactorily in all aspects of the treatment program, turned in [homework] and written assignments in a timely manner, attended the required number of treatment classes and [self-help] groups, and was cooperative and respectful when dealing with staff and peers…. He was engaged in his program, and maximized his time, taking all classes that were recommended.

Relator also undertook two positions (Conflict Resolution Department Head and Housing Unit One Coordinator) within the long-term treatment program's therapeutic community. Further, the report included Relator's home, employment, and counseling plans that he was prepared to execute upon his release. In regards to disciplinary violations, the report indicated that Relator received a conduct violation for disregarding an instruction "to move his chair during tighthouse intervention from the main group to the Strike 1 group" and leaving to use the restroom instead. This was Relator's sole conduct violation and it was "self-corrected."

---

[2] The long-term treatment program is an intensive program "for the treatment of chronic nonviolent offenders with serious substance abuse addictions who have not pleaded guilty to or been convicted of a dangerous felony." Section 217.362.1

On January 29, 2018, Respondent determined that Relator was "not amenable to probation and that it would be an abuse of discretion to release him based upon his conduct violation" cited in the Board's report. Accordingly, Respondent ordered execution of the 15-year sentence previously imposed. Relator subsequently filed a petition for writ of mandamus with our Court. We issued a preliminary order in mandamus. We dispense with further briefing as permitted by Rule 84.24(i). The preliminary order is made permanent.

## II.     Standard of Review

The procedural means for challenging the denial of probation is through a writ of mandamus. *Prewitt v. State,* 191 S.W.3d 709, 711 (Mo. App. W.D. 2006). "Mandamus is a discretionary writ that is appropriate when a court has exceeded its jurisdiction or authority, and where no remedy exists through appeal." *State ex rel. Kizer v. Mennemeyer*, 421 S.W.3d 558, 559 (Mo. App. E.D. 2014). "Ordinarily mandamus is the proper remedy to compel the discharge of ministerial functions, but not to control the exercise of discretionary powers." *State ex rel. Taylor v. Russell*, 449 S.W.3d 380, 381 (Mo. banc 2014). However, if a respondent's actions are incorrect as a matter of law, then he "has abused any discretion [he] may have had, and mandamus is appropriate." *State ex rel. Valentine v. Orr,* 366 S.W.3d 534, 538 (Mo. banc 2012). This Court will "defer to the trial court's factual findings so long as they are supported by competent, substantial evidence, but will review *de novo* the application of the law to those facts." *State ex rel. Winkler v. Goldman*, 485 S.W.3d 783, 789 (Mo. App. E.D. 2016).

## III.     Discussion

Relator argues that Respondent abused his discretion in refusing to release Relator on probation because Relator successfully completed the long-term treatment program and a single conduct violation has not been found to merit the execution of a sentence.

Section 217.362.2 states that:

> [T]he court may sentence a person to the [long-term treatment] program which shall consist of institutional drug or alcohol treatment for a period of at least twelve and no more than twenty-four months, as well as a term of incarceration.… Execution of the offender's term of incarceration shall be suspended pending completion of said program.

Upon an offender's successful completion of the long-term treatment program, "the trial court must: (1) allow the offender to be released on probation; or (2) determine that probation is not appropriate and order the execution of the offender's sentence." *State ex rel. Salm v. Mennemeyer*, 423 S.W.3d 319, 321 (Mo. App. E.D. 2014).

When determining whether probation was appropriate, Respondent was not required to conduct a hearing under the applicable version of § 217.362.[3] *See id.* at 321–22. Nonetheless, Respondent's determination that probation was not appropriate must be supported by evidence. *See id.* at 322. For that reason, the issue before this Court is whether there was competent evidence in the record to support Respondent's conclusion that Relator was unfit for probation. *See State ex rel. Dane v. State*, 115 S.W.3d 879, 881 (Mo. App. W.D. 2003).

In the present case, the Board's report noted that "[Relator] ha[d] successfully completed the requirements of the Long Term Drug Program" by timely completing course work, attending and participating in all of the required courses and self-help groups, maximizing his time by taking recommended classes, being respectful to all staff and peers, and undertaking two leadership positions in the program's community. Throughout his entire participation in the long-term treatment program, Relator's sole conduct violation was failing to move a chair, which the Board characterized as "self-corrected." Respondent determined that Relator should not be

---

[3] Prior to § 217.362 being amended in 2003, courts deciding whether to release an offender on probation under the statute were required to hold a hearing on whether probation was appropriate.

released on probation based solely upon Relator's one conduct violation. Respondent did not cite any other evidence to support his conclusion that Relator was unfit for probation.

When examining the evidence in the record, it is apparent that Respondent's conclusion that probation was inappropriate was unsupported by competent evidence. The Board's report highlighted that Relator completed all of the required objectives, took additional courses that were recommended by his counselor, met the goals he set for himself, established home, employment, and counseling plans for when he is released, and made a good faith effort to fully participate in the long-term treatment program. One minor conduct violation (in this instance, for failing to move a chair when directed) is insufficient by itself to support the denial of probation under § 217.362. *See State ex rel. Dane*, 115 S.W.3d at 882 (finding that the trial court erred in denying relator's probation and executing his sentence because the evidence, which included two minor conduct violations, did not support respondent's conclusion that relator was unfit for probation after completion of the long-term treatment program); *see also State ex rel. Beggs v. Dormire*, 91 S.W.3d 605, 606–07 (Mo. banc 2002) (granting a writ of mandamus upon holding that the denial of probation under § 217.362 was unsupported by evidence demonstrating that the relator was unfit for probation). Therefore, because Relator successfully complied with all of the requirements of the long-term treatment program and his only conduct violation was minor and "self-corrected," we find that the evidence does not support Respondent's determination that Relator was unfit for probation due to his sole conduct violation.

### IV.    Conclusion

Based on the foregoing, we find that Respondent's refusal to place Relator on probation upon his successful completion of the long-term treatment program was unsupported by

competent evidence. Therefore, the preliminary order in mandamus is made permanent.

Respondent is directed to enter an order placing Relator on probation, pursuant to § 217.362.


Colleen Dolan, Presiding Judge

Lawrence E. Mooney, J., concurs.
Mary K. Hoff, J., concurs.