

# In the Missouri Court of Appeals
# Eastern District

<u>Writ Division Two</u>

| | | |
|---|---|---|
| STATE OF MISSOURI, ex rel., | ) | ED108935 |
| TERRY UPSHAW, | ) | |
| | ) | |
| Relator, | ) | |
| | ) | Writ of Mandamus |
| v. | ) | Circuit Court of Jefferson County |
| | ) | Cause Nos. 15JE-CR02881; |
| HON. TROY A. CARDONA, | ) | 17JE-CR02214 |
| | ) | |
| Respondent. | ) | Filed: August 4, 2020 |

## Introduction

Terry Upshaw (Relator) seeks a writ of mandamus compelling the Honorable Troy A. Cardona (Respondent) to release Relator from the Missouri Department of Corrections and place him on probation pursuant to Section 217.362[1] in light of Relator's successful completion of the long-term substance abuse treatment program outlined therein. Respondent has filed suggestions in opposition, and the State has filed suggestions in support. In the interest of justice as permitted by Rule 84.24(e) and (i), this Court dispenses with issuance of a preliminary order, answer, further briefing, and oral argument, and issues a peremptory writ of mandamus.

## Background

---

[1] All statutory references are to RSMo. Cum. Supp. 2018 unless otherwise indicated.

On July 18, 2018, Relator pled guilty to one count of driving while intoxicated (DWI) and one count of resisting arrest for a felony. Pursuant to a plea agreement with the State, Respondent sentenced Relator as a chronic DWI offender to concurrent terms of fifteen years for DWI and four years for resisting arrest. Respondent also sentenced Relator pursuant to Section 217.362, which allows a nonviolent offender to be released on probation upon successful completion of a long-term substance abuse treatment program (long-term program), during which time the execution of the offender's sentence is suspended.

Relator entered the long-term treatment program on May 7, 2019. The Missouri Department of Corrections Board of Probation and Parole (Board) submitted its Court Report Investigation (Report) regarding Relator's participation in and completion of the long-term program, which noted the following:

> [Relator] has demonstrated the ability to self[-]correct his behaviors when addressed. He received no violations or interventions while in treatment. His attitude and participation are appropriate for a successful completion of the program. . . . [He c]ompleted all treatment objectives and upheld all expectations of treatment[.]

The Board recommended a release date of May 8, 2020.

On March 18, 2020, Respondent denied Relator's release and ordered execution of Relator's sentences "based upon [two] conduct violations as listed in the [Board's] report[.]" In an order responding to a letter from Relator requesting reconsideration, Respondent stated that the "conduct violations were after [the] court sentenced [Relator] to long term and before he entered the program[,] but the violations included in the report convince the court [Relator] is not amenable to probation[.]"

2

Relator subsequently filed the present application for writ of mandamus. In the interest of justice as permitted by Rule 84.24(e) and (i), we dispense with issuance of a preliminary order, answer, further briefing, and oral argument, and issue a peremptory writ of mandamus.

## Standard of Review

"Mandamus is a discretionary writ that is appropriate when a court has exceeded its jurisdiction or authority, and where no remedy exists through appeal."[2] State ex rel. Cullen v. Cardona, 568 S.W.3d 492, 494 (Mo. App. E.D. 2019) (quoting State ex rel. Kizer v. Mennemeyer, 421 S.W.3d 558, 559 (Mo. App. E.D. 2014)). While mandamus does not ordinarily lie to control a lower court's exercise of discretion, if the court's action is "incorrect as a matter of law, then [it] has abused any discretion [it] may have had, and mandamus is appropriate." Id. (quoting State ex re. Valentine v. Orr, 366 S.W.3d 534, 538 (Mo. banc 2012)) (internal quotations omitted). We must defer to the lower court's factual findings where they are supported by competent and substantial evidence, but we review legal questions de novo. Id.

## Discussion

Relator argues Respondent's decision to deny him probation was unsupported by competent evidence in the record. The State of Missouri, by and through the prosecuting attorney of Jefferson County, also filed a response in the present action, conceding its agreement with Relator "that the relief sought by Relator should be granted," and

---

[2] Respondent argues that Relator has another means of appeal through his pending motion for post-conviction relief, which alleges that Respondent erred in denying him probation. However, denial of probation is not a cognizable claim in a motion for post-conviction relief or on direct appeal. Prewitt v. State, 191 S.W.3d 709, 711 (Mo. App. W.D. 2006) (citing State v. Williams, 871 S.W.2d 450, 452 (Mo. banc 1994); Green v. State, 494 S.W.2d 356, 357 (Mo. banc 1973)). Rather, "[t]he procedural means for challenging the denial of probation is through a writ of mandamus." Cullen, 568 S.W. at 494.

requesting "an Order that this Court finds just and reasonable." Relator seeks release on probation pursuant to Section 217.362. We agree.

Section 217.362.3 states the following:

> Upon successful completion of the program, the [Board] shall advise the sentencing court of an offender's probationary release date . . . . If the court determines that probation is not appropriate the court may order the execution of the offender's sentence.

Thus, Section 217.362.3 leaves the final decision regarding a particular offender's release to the discretion of the trial court. While the trial court is no longer required by Section 217.362 to conduct a hearing on this issue,[3] the trial court's decision must be supported by competent evidence. Cullen, 568 S.W.3d at 495 (citing State ex rel. Salm v. Mennemeyer, 423 S.W.3d 319, 322 (Mo. App. E.D. 2014)).

Here, Respondent argues that Relator's two conduct violations prior to entering the long-term program constitute sufficient evidence that probation is not appropriate for Relator. Respondent did not hold an evidentiary hearing regarding Relator's conduct violations.[4] The information in the record is that Relator received one violation on March 17, 2018 for failure to comply with an order, and one on September 11, 2018 for conduct that interferes with operations. For each violation, Relator received a "living area

---

[3] Prior to 2003, Section 217.362.3 directed the sentencing court to "hold a hearing to make a determination as to the fitness of the offender to be placed on probation. The court shall follow the recommendation of the board unless the court makes a determination that such a placement would be an abuse of discretion." Section 217.362.3, RSMo. 2000.

[4] Respondent states he is ready to grant an evidentiary hearing on Relator's motion for post-conviction relief, which has been continued pending the outcome of the present mandamus proceeding, and that he may grant Relator relief after such hearing. However, as noted, *supra*, Relator's claim is not cognizable in a post-conviction proceeding. Further, Relator does not have the burden to show that probation is appropriate in a post-conviction proceeding. Rather, upon recommendation for probation by the Board, Section 217.362 places the onus on trial courts to base their discretionary decisions that probation is not appropriate on substantial evidence on the record.

restriction." Both violations occurred prior to Relator's entry into the long-term program on May 7, 2019.

We find this evidence insufficient to support Respondent's conclusion that Relator would not be amenable to probation. While Relator's conduct while awaiting entry into the long-term program is certainly relevant to the court's determination of whether probation would be appropriate, the evidence in the record of Relator's conduct that led to these violations and its impact on his potential success on probation is nonexistent. Moreover, the Board's Report highlighted the facts that Relator had received no conduct violations during the pendency of the long-term program, showed an ability to self-correct behaviors when addressed, and had met all objectives and expectations of the long-term program.

As it stands, the evidence relied on by Respondent consists solely of the Report's line-item recitation, with no further description, of two seemingly minor violations taking place well before Relator began the long-term program.[5] Notably, the Board did not consider these violations significant enough to affect its recommendation that Relator be placed on probation in light of his incident-free and successful completion of the long-term program. The Report's summary notation of these two pre-program, minor conduct

---

[5] A trial court's concerns about conduct violations listed in an offender's Report would be more appropriately addressed at an evidentiary hearing. While we reiterate Section 217.362 does not explicitly require an evidentiary hearing; where a Report does not clearly delineate facts upon which the trial court can rely to find probation inappropriate, the trial court must either grant probation or hold a hearing. See State ex rel. Salm v. Mennemeyer, 423 S.W.3d 319, 321 (Mo. App. E.D. 2014) (noting that upon successful completion of long-term program, Section 217.362.3 requires courts to either release offender on probation or determine that probation is inappropriate). Though we doubt that a hearing in the present case regarding two pre-program, minor conduct violations would produce evidence showing that probation was inappropriate for Relator, it was within the trial court's discretion to hold one. Cf. State ex rel. Beggs v. Dormire, 91 S.W.3d 605, 607 (Mo. banc 2002) (holding that pre-sentence conduct alone does not make an offender unfit for probation); Cullen, 568 S.W.3d at 495 (noting that even evidence of one minor conduct violation *during* long-term program was insufficient to support trial court's denial of probation upon successful completion of program).

5

violations alone does not support Respondent's conclusion under the circumstances here that probation is not appropriate for Relator.

Conclusion

We find that Respondent's denial of probation upon Relator's successful completion of the long-term program was unsupported by competent evidence. In the interest of justice as permitted by Rule 84.24(e) and (i), a peremptory writ of mandamus is ordered to issue directing Respondent to enter an order placing Relator on probation, pursuant to Section 217.362.

_____
Gary M. Gaertner, Jr., Presiding Judge

Robin Ransom, J., and
Angela T. Quigless, J., concur.

6