

# IN THE MISSOURI COURT OF APPEALS
# WESTERN DISTRICT

STATE OF MISSOURI ex rel.     )
RASHAD P. WASHINGTON,     )
     )
     Relator,     )     **WD85356**
     )
v.     )
     )     **OPINION FILED:**
     )     **June 10, 2022**
THE HONORABLE KEVIN CRANE,     )
CIRCUIT COURT JUDGE,     )
     )
     Respondent.     )

## ORIGINAL PROCEEDING IN MANDAMUS

**Before Writ Division:** Karen King Mitchell, Presiding Judge, and
Gary D. Witt and Edward R. Ardini, Jr., Judges

Relator Rashad Washington seeks a writ of mandamus directing the circuit court of Boone County, Missouri, to release Washington on probation following his successful completion of a shock incarceration program under § 559.115.3.[1] Following our receipt of suggestions in support of the writ from Washington and suggestions in opposition to the writ from the circuit court, we now issue a permanent writ of mandamus and direct the circuit court to release Washington on probation as provided in § 559.115.3.[2]

---

[1] All statutory references are to the Revised Statutes of Missouri, Cum. Supp. 2021, unless otherwise noted.

[2] "Rule 84.24 provides that, after the filing of suggestions in opposition to a writ petition, an appellate court will ordinarily issue a preliminary writ, and the case will then proceed with the filing of a formal answer to the petition,

## Background

On October 1, 2021, Washington pled guilty to the following charges arising from multiple cases: two counts of possession of a controlled substance under § 579.015, and one count each of second-degree kidnapping under § 565.120, second-degree domestic assault under § 565.073, third-degree domestic assault under § 565.074, second-degree trafficking under § 579.068, resisting arrest under § 575.150, and first-degree burglary under § 569.160. In each case, the circuit court sentenced Washington to concurrent terms of incarceration ranging from 4 years to 9 years and, in each case, the court ordered Washington to participate in a 120-day shock incarceration program under § 559.115.3, pursuant to the State's recommendation.

On January 4, 2022, the Department of Corrections notified the circuit court that Washington successfully completed the 120-day program and would be statutorily discharged on February 4, 2022, unless otherwise ordered by the court. The following day, the circuit court entered an order denying Washington probation and executing all sentences in each case, indicating that it would be an abuse of discretion to release Washington. The court also set a hearing for January 28, 2022.

On January 25, 2022, Washington filed a motion to set aside the January 5, 2022 order denying probation on the ground that the circuit court failed to comply with § 559.115.3 by denying probation without first holding a hearing. The court subsequently held the previously scheduled hearing on January 28, 2022, and denominated it a "559 Review Hearing." At the hearing, Washington's counsel asked the court to reconsider the January 5, 2022 order denying probation,

---

and briefing by the parties." *State ex rel. Barac v. Kellogg*, 561 S.W.3d 905, 907 n.3 (Mo. App. W.D. 2018). "Rule 84.24(i) provides, however, that '[w]henever in the judgment of the court the procedure heretofore required would defeat the purpose of the writ, the court may dispense with such portions of the procedure as is necessary in the interest of justice.'" *Id*. (quoting Rule 84.24(i) (2018)). Where "the relevant facts and legal issues have been adequately presented by [the writ] petition and Respondent's suggestions in opposition, and [the Relator] is presently incarcerated without statutory authority, . . . [it is] in the interest of justice to proceed directly to issuance of a permanent writ in mandamus." *Id*.

noting that Washington had only one minor conduct violation during his shock incarceration. The court interrupted counsel stating, "I'll tell you right now, to save your breath, I didn't take that action to deny probation because of the minor violation." When counsel asked the court for clarification as to its reasoning, the court replied,

> [A]ll these cases. I've got one here on possession, another one on kidnapping and domestic violence, another one on trafficking, another one on resisting, another one on possession, and another one on domestic assault fourth and misdemeanor property damage. The last one's a misdemeanor. That was my basis.

Washington's counsel then asked the court to allow Washington to withdraw his guilty pleas as a result of counsel's advice to Washington that, if Washington successfully completed the 120-day shock incarceration, he would be released on probation. The court advised counsel that granting probation was still discretionary, and he chose not to grant probation. Counsel advised the court that, in denying probation, the court was required to have some evidence or reason apart from merely the nature of the underlying charges. The court disagreed, denied the request to allow Washington to withdraw his pleas, and continued to deny Washington release on probation. Washington subsequently filed the underlying petition for a writ of mandamus.

**Analysis**

"Mandamus is a discretionary writ that is appropriate when a court has exceeded its jurisdiction or authority, and where no remedy exists through appeal." *State ex rel. Kizer v. Mennemeyer*, 421 S.W.3d 558, 559 (Mo. App. E.D. 2014). "A litigant seeking mandamus must allege and prove a clear, unequivocal, specific right to a thing claimed." *Id.* "Ordinarily, mandamus is the proper remedy to compel the discharge of ministerial functions, but not to control the exercise of discretionary powers." *Id.* (quoting *State ex rel. Valentine v. Orr*, 366 S.W.3d 534, 538 (Mo. banc 2012)). "However, if the respondent's actions are wrong as a matter of law, then []he has abused any discretion []he may have had, and mandamus is appropriate." *Id.*

3

Section 559.115.3 allows a court to "recommend placement of an offender in a department of corrections one hundred twenty-day program." "When the court recommends and receives placement of an offender in a department of corrections one hundred twenty-day program, the *offender shall be released on probation if the department of corrections determines that the offender has successfully completed the program . . . ." Id.* (emphasis added). "Upon successful completion of a program under this subsection, the division of probation and parole shall advise the sentencing court of an offender's probationary release date thirty days prior to release. *The court shall follow the recommendation of the department unless the court determines that probation is not appropriate.*" *Id.* (emphasis added). Thus, "[u]nder section 559.115.3, the trial court is 'required' to release an offender on probation if he or she successfully completes the program absent a finding that probation would not be appropriate." *State ex rel. Hunt v. Seay*, 622 S.W.3d 184, 187 (Mo. App. S.D. 2021).[3]

"A trial court's 'determination that probation was not appropriate must be supported by evidence.'" *Id.* (quoting *State ex rel. Cullen v. Cardona*, 568 S.W.3d 492, 495 (Mo. App. E.D. 2019)). "Pre-sentencing evidence does not, by itself, make [Relator] unfit for probation." *Id.* (quoting *State ex rel. Beggs v. Dormire*, 91 S.W.3d 605, 607 (Mo. banc 2002)). While "a court may look to evidence concerning the offender's conduct prior to sentencing" when deciding whether probation is appropriate, **the court "may not base its decision exclusively upon that evidence."** *Id.* (quoting *State ex rel. Dane v. State*, 115 S.W.3d 876, 878 (Mo. App. W.D. 2003)) (emphasis added).

---

[3] Respondent's order denying release on probation indicated that "it would be an abuse of discretion to release." "Section 559.115.3 was amended in 2013 . . . [to] eliminate[] the earlier requirement that the circuit court find that release on probation 'constitutes an abuse of discretion.'" *Barac*, 561 S.W.3d at 908 n.4 (citing § 559.115.3, RSMo Cum. Supp. 2012). "Instead, under the current statute, the circuit court need only find 'that probation is inappropriate.'" *Id.*

Here, in direct contravention of case law, the court very plainly indicated that its decision to deny probation was based solely on the nature of Washington's underlying charges and pre-sentencing evidence. Thus, the court was wrong as a matter of law in denying Washington release on probation under § 559.115.3.[4]

In its suggestions in opposition, the court argues that *Hunt* was wrongly decided insofar as it relied upon *Beggs*, which was decided under a prior version of § 217.362, rather than the current version of § 559.115.[5] In making this argument, however, the court overlooks the fact that *Hunt* also relied on *Cullen*, which interpreted the current version of § 217.362, containing nearly identical language to the current version of § 559.115.3.[6] Both §§ 217.362.3 and 559.115.3 relate to an offender's potential release on probation following successful completion of a department of corrections program. And, under the doctrine of *in pari materia*, "statutes relating to the same subject matter [must] be construed together even [if] the statutes are found in different chapters [or] were enacted at different times." *State ex rel. Dir. of Revenue v. Gaertner*, 32 S.W.3d 564, 566 (Mo. banc 2000). It would make little sense to allow a court to rely solely on pre-sentencing evidence to deny probation under § 559.115.3 but not allow the same under the nearly identical language of § 217.362.3. As the circuit court's interpretation would lead to an absurd result, we reject it. *Fox v. State*, 640 S.W.3d 744, 757 (Mo. banc 2022) ("[S]tatutes are interpreted to avoid

---

[4] Here the circuit court chose to accept the State's recommendation that Washington be placed in a 120-day shock incarceration program under § 559.115.3 rather than requesting an assessment under other provisions of § 559.115, which may have given the court more discretion.

[5] As with the former version of § 559.115.3, which allowed a court to deny probation upon a finding that probation would "constitute[] an abuse of discretion," the version of § 217.362 at issue in *Beggs* provided: "The original sentencing court shall hold a hearing to make a determination as to the fitness of the offender to be placed on probation. The court shall follow the recommendation of the board unless the court makes a determination that such a placement would be an abuse of discretion." *State ex rel. Beggs v. Dormire*, 91 S.W.3d 605, 606 (Mo. banc 2002) (quoting § 217.362.3, RSMo 2000).

[6] Just as the current version of § 559.115.3 provides that "[t]he court shall follow the recommendation of the department unless the court determines that probation is not appropriate," the current version of § 217.362.3 allows the court to order execution of the offender's sentence only "[i]f the court determines that probation is not appropriate."

5

unreasonable or absurd results." (quoting *St. Louis Police Officers' Ass'n v. Bd. of Police Comm'rs of City of St. Louis*, 259 S.W.3d 526, 528 (Mo. banc 2008))).

The circuit court was aware of the nature of the charges against Washington when it accepted the State's recommendation to order Washington to participate in a 120-day shock incarceration program under § 559.115.3. The circuit court's decision to deny Washington release on probation following Washington's successful completion of the 120-day shock incarceration program was wrong as a matter of law insofar as the court's sole reason supporting its decision was the nature of Washington's underlying charges and pre-sentencing evidence. Accordingly, Washington's petition for a writ of mandamus is granted.

## Conclusion

We issue a permanent writ in mandamus directing the circuit court to rescind its January 5, 2022 order denying Washington release on probation. The circuit court is directed to enter an order releasing Washington on probation on conditions the circuit court determines to be appropriate.

_____
Karen King Mitchell, Presiding Judge

Gary D. Witt and Edward R. Ardini, Jr., Judges, concur.

6