

# IN THE MISSOURI COURT OF APPEALS
# WESTERN DISTRICT

STATE OF MISSOURI, ex rel., )
DALE J. MELLER AND ELAINE )
MELLER, AND ASHLEY FARM )
SERVICES, LLC, )
  )
      Relators, )
  )
v. ) WD85870
  )
THE HONORABLE JON E. ) Opinion filed:  May 9, 2023
BEETEM, JUDGE OF THE )
CIRCUIT COURT OF COLE )
COUNTY, MISSOURI, )
  )
      Respondent. )

## ORIGINAL PROCEEDING IN MANDAMUS

Writ Division:  W. Douglas Thomson, Presiding Judge,
Lisa White Hardwick, Judge and Janet Sutton, Judge

Relators seek a writ of mandamus, or in the alternative, prohibition, arguing that Section 537.065 does not confer upon the insurance company the right to intervene in their action because the action involves only claims for property damage, outside the scope of 537.065.  Relators claim they will suffer irreparable harm and expense resulting from the trial court's grant of intervention by the

insurance company in contravention of said statute. We issued a preliminary writ of mandamus. The preliminary writ of mandamus is now made permanent.

## Factual and Procedural History

This writ of mandamus stems from a negligence action filed by Dale and Elaine Meller (collectively, the "Mellers") against Ashley Farm Services ("Ashley Farm"). The Mellers allege that they contracted with Ashley Farm to spray their soybean crop with an appropriate herbicide. The Mellers alleged that Ashley Farm sprayed the wrong herbicide on their soybean crop, resulting in the soybean crop's total loss.

The Mellers filed suit against Ashley Farm on December 1, 2021. Thereafter, Ashley Farm notified its insurer, Mesa Underwriters Specialty Insurance Company ("MUSIC") of the Mellers' claim. On January 12, 2022, MUSIC informed Ashley Farm that the Mellers' claim against Ashley Farm was not covered by the MUSIC insurance policy. After MUSIC denied coverage, the Mellers and Ashley Farm entered into a Settlement Agreement/Covenant Not to Execute ("Covenant Not to Execute"), which covered, among other things, how the Mellers would collect any judgment against Ashley Farms. Ashley Farms informed MUSIC that it entered into the Covenant Not to Execute with the Mellers by providing a courtesy copy of it to MUSIC via email.

After learning of the Covenant Not to Execute, MUSIC filed a motion to intervene in the lawsuit between the Mellers and Ashley Farm. MUSIC's sole argument in said motion was that it had an unconditional right to intervene under

2

Rule 52.12(a),[1] which governs intervention as of right. They claim a 52.12(a) right to intervene because, as stated in their trial court suggestions, Section 537.065.4 "establishes an unconditional right for insurers to intervene in the circumstances present in this case."[2] Ashley Farm opposed MUSIC's motion to intervene. On November 13, 2022, the trial court granted MUSIC's motion to intervene via docket entry that simply stated, "The Motion to Intervene of [MUSIC] is sustained."

Both Mellers and Ashley Farms, as Relators herein, filed a petition for writ of mandamus or in the alternative for prohibition before this Court. We issued a preliminary writ of mandamus and directed the parties to brief the issues. We now make our preliminary writ permanent.

## Standard of Review

"The standard of review for a writ of mandamus 'is abuse of discretion, and an abuse of discretion occurs where the circuit court fails to follow applicable statutes.'" *State ex rel. Unnerstall v. Berkemeyer*, 298 S.W.3d 513, 517 n.5 (Mo. banc 2009) (quoting *State ex rel. City of Jennings v. Riley*, 236 S.W.3d 630, 631 (Mo. banc 2007)). Generally, "mandamus is the proper remedy to compel the discharge of ministerial functions, but not to control the exercise of discretionary

---

[1] All rule references are to Missouri Supreme Court Rules (2021) unless otherwise noted. Rule 52.12(a) permits a party to intervene in an action: "(1) when a statute of this state confers an unconditional right to intervene…." MUSIC's argument for intervention is that Section 537.065 confers on them an unconditional right to intervene, and thus they are entitled to intervention as of right under Rule 52.12(a).

[2] All statutory citations are to RSMo 2018 as currently updated unless otherwise noted.

powers." *State ex rel. Mertens v. Brown*, 198 S.W.3d 616, 618 (Mo. banc 2006). "However, if a respondent's actions are incorrect as a matter of law, then he 'has abused any discretion [he] may have had, and mandamus is appropriate.'" *State ex rel. Cullen v. Cardona*, 568 S.W.3d 492, 494 (Mo. App. E.D. 2019) (quoting *State ex rel. Valentine v. Orr*, 366 S.W.3d 534, 538 (Mo. banc 2012)).

"The interpretation of a statute is reviewed *de novo*." *M.O. v. GEICO Gen. Ins. Co.*, 657 S.W.3d 215, 216 (Mo. banc 2023). As the Missouri Supreme Court has articulated:

> Any time a court is called upon to apply a statute, the primary obligation "is to ascertain the intent of the legislature from the language used, to give effect to that intent if possible, and to consider the words in their plain and ordinary meaning." *S. Metro. Fire Prot. Dist. v. City of Lee's Summit*, 278 S.W.3d 659, 666 (Mo. banc 2009). If the language of a statute is plain and unambiguous, this Court is bound to apply that language as written and may not resort to canons of construction to arrive at a different result. *Concerned Parents v. Caruthersville Sch. Dist.*, 548 S.W.2d 554, 559 (Mo. banc 1977) ("words are to be taken in accord with their fair intendment and their natural and ordinary meaning," and "[w]hen language is plain and unambiguous, no construction is required").

*State ex rel. Hillman v. Berger*, 566 S.W.3d 600, 604-05 (Mo. banc 2019).

## Analysis

Relators argue that the trial court erred in granting MUSIC's motion to intervene because MUSIC did not have an unconditional right to intervene under Section 537.065. They argue the underlying lawsuit involves only a claim for

property damage, and Section 537.065 applies only to claims involving personal injury, bodily injury, or death.[3]

As stated above, our "primary rule of statutory interpretation is to give effect to legislative intent as reflected in the plain language of the statute at issue." *Parktown Imports, Inc. v. Audi of Am., Inc.*, 278 S.W.3d 670, 672 (Mo. banc 2009). "This Court enforces statutes as they are written, not as they might have been written." *Turner v. Sch. Dist. of Clayton*, 318 S.W.3d 660, 667 (Mo. banc 2010) (citing *City of Welston v. SBC Commc'ns, Inc.*, 203 S.W.3d 189, 192 (Mo. banc 2006)). "Accordingly, the Court cannot supply what the legislature has omitted from controlling statutes." *Id*. at 668 (internal citations omitted). "It is presumed that every word, clause, sentence and provision of a statute have effect and that idle verbiage or superfluous language was not inserted into a statute." *State ex rel. Killingsworth v. George*, 168 S.W.3d 621, 625 (Mo. App. E.D. 2005).

Section 537.065.1 plainly and unambiguously states the type of unliquidated claim(s) that must exist between claimant and tort-feasor in order to bring an agreement, such as this Covenant Not to Execute, under the umbrella of this

---

[3] Relators open their briefing by first arguing that they "have a constitutionally protected liberty interest in the freedom to contract under the Due Process Clauses of the U.S. and Missouri Constitutions." They further argue that they could enter into the Covenant Not to Execute without a "grant of authority from the State of Missouri." These arguments far exceed the extraordinary relief provided by a writ of mandamus. At this stage, we are tasked with determining whether the Respondent abused his discretion in interpreting Section 537.065 to allow MUSIC to intervene in the underlying litigation. The enforceability of the Covenant Not to Execute or the Relators' right to enter into such a contract is not at issue and we decline to consider such arguments.

statute: a claim for personal injuries, bodily injuries, or death.  Without such a claim, the associated Section 537.065 rights provided an insurance company to intervene are not triggered.  Section 537.065.1 states in part:

> Any person having an unliquidated claim for damages against a tort-feasor, on account of *personal injuries, bodily injuries, or death*, may enter into a contract with such tort-feasor or any insurer on his or her behalf or both if the insurer has refused to withdraw a reservation of rights or declined coverage for such unliquidated claim, whereby, in consideration of the payment of a specified amount, the person asserting the claim agrees that in the event of a judgment against the tort-feasor, neither such person nor any other person, firm, or corporation claiming by or through him or her will levy execution, by garnishment or as otherwise provided by law, except against the specific assets listed in the contract and except against any insurer which insures the legal liability of the tort-feasor for such damage and which insurer is not excepted from execution, garnishment or other legal procedure by such contract.

(emphasis added).  Accordingly, to trigger applicability of the statute, one must have: (1) an unliquidated claim, (2) on account of personal injuries, bodily injuries, or death.  Once triggered, an insurance company such as MUSIC must receive timely notice of the Agreement, Section 537.065.2[4], and may timely intervene as of right under Section 537.065.4.

Here, Relators and MUSIC agree that this case does not involve claims for personal injuries, bodily injuries, or death, but rather property damage.  Because this is solely an unliquidated property damage claim, it would appear Section 537.065 is not triggered and is inapplicable, rendering MUSIC without its claimed

---

[4] Subsection 2 provides a detailed process as to when and how an insurance company is notified in certain situations, the explanation of which is unnecessary to our analysis.  Additionally, subsection 3 provides that until 30 days has passed since the timely and proper subsection 2 notice, no judgment shall be entered against the tort-feasor.

unconditional right to intervene.  Yet, notwithstanding this apparently fatal flaw, MUSIC directs us to Section 537.065.5 and argues that it provides them the right to intervene.

MUSIC argues that Section 537.065.5 modifies the "personal injuries, bodily injuries, or death" clause of Section 537.065.1 and *expands* the types of claims covered by Section 537.065.  Section 537.065.5 states, "The provisions of this section shall apply to *any* covenant not to execute or any contract limiting recovery to specified assets, regardless of whether it is referred to as a contract under this section." (emphasis added). MUSIC argues that this section should be read to include the Covenant Not to Execute between Relators because "any covenant" as used in Section 537.065.5 would naturally include *this* Covenant Not to Execute.[5] We presume that the Respondent accepted MUSIC's argument as the basis for granting its motion to intervene. *See Citizens for Preservation of Buehler Park v. City of Rolla*, 187 S.W.3d 359, 361 (Mo. App. S.D. 2006) (when a trial court grants a motion without stating its reasons for granting the motion, we presume the trial court acted for the reasons offered in the motion).  Therefore, we review this interpretation of Section 537.065.5 for abuse of discretion.

Like Section 537.065.1, subsection 5 thereof is unambiguous and clearly does not expand the statute's applicability.  MUSIC's reading of Section 537.065.5 would require us to ignore the plain language of Section 537.065.1 and render

---

[5] Notably, in making this argument MUSIC tacitly admits the damages claimed here do not fall within the damages listed in 537.065.1, "personal injuries, bodily injuries, or death."

meaningless the statute's express limitation that it applies only to claims involving "personal injuries, bodily injuries, or death." We cannot read any portion of a statute in isolation; instead, we read the entire statute so as to harmonize all of the statute's provisions. *See Truman Med. Ctr., Inc. v. Progressive Cas. Ins. Co.*, 597 S.W.3d 362, 367 (Mo. App. W.D. 2020).

In reading the statute as a whole, as we must, Section 537.065.5 is clearly limited by Section 537.065.1. Subsection 5's use of "*any* covenant not to execute" clearly refers to any covenant not to execute *contemplated by the statute*; that is, any covenant not to execute for claims of personal injury, bodily injury, or death. MUSIC's preferred reading of subsection 5 would render superfluous subsection 1's limitation of Section 537.065 to claims of personal injury, bodily injury, or death. Their reading would, in effect, subsume subsection 1's specific limitation in that regard. We will not interpret a statute to read that one section limits the statute's applicability, and then a later section of the same statute subsumes or eliminates that same limitation. *See, e.g., Meyers v. Kendrick*, 529 S.W.3d 54, 62 (Mo. App. S.D. 2017). Subsection 5's "any covenant" language does not subsume or eliminate the express limitation to claims for "personal injuries, bodily injuries, or death" in subsection 1. We cannot ignore the limiting language in subsection 1 in interpreting Section 537.065.

Moreover, it is clear from the plain language of subsection 5 that "regardless of whether [a covenant not to execute] is referred to as a contract under this section," the requirements of Section 537.065 apply to the covenant. Here, the

8

plain language of subsection 5 simply prevents parties from purposefully not referencing Section 537.065 in an effort to avoid compliance with Section 537.065's requirements. MUSIC's interpretation of subsection 5 ignores the "regardless of whether it is referred to as a contract under this section" clause of the subsection and renders it superfluous. Such an interpretation requires us to read the statute in a piecemeal fashion, and we reject it.

When read in harmony, Section 537.065.5 does not expand what Section 537.065.1 expressly limits. Section 537.065 applies only to claims relating to personal injuries, bodily injuries, or death. Because the parties agree that the controversy between Relators involves only property damage, MUSIC does not have an unconditional right to intervene under Section 537.065 as a matter of law.

In granting MUSIC's intervention pursuant to same, Respondent's actions were incorrect as a matter of law. Accordingly, he 'has abused any discretion [he] may have had, and mandamus is appropriate.'" *Cullen*, 568 S.W.3d at 494 (quoting *State ex rel. Valentine v. Orr*, 366 S.W.3d 534, 538 (Mo. banc 2012)).

## Conclusion

The preliminary writ of mandamus is made permanent. Respondent is ordered to vacate his November 13, 2022 order granting MUSIC's motion to intervene and enter an order denying MUSIC's motion to intervene. The parties shall bear their own costs.

_____
W. DOUGLAS THOMSON, JUDGE

All concur.

9